Burt
v.
Sternburgh.

---

## BURT *against* STERNBURGH.

TRESPASS *quare clausum fregit,* tried at the Schoharie circuit, September 17, 1823, before DUER, C. Judge.

The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar; or as evidence, conclusive between the same parties, upon the same matter, directly in question in another court.

The action was commenced on the 2d day of December, 1816. At the trial, the plaintiff proved that the defendant had cut timber on land, which the plaintiff insisted was lot 8, in the subdivision of lot 133, in the old Schoharie patent ; that the cutting was west of the east line of lot 8, as thus claimed ; that the defendant resided on and possessed a farm adjoining this line ; that the heavy timber cut by him, was principally pine, and was cut in the summer or fall of 1816 ; and certain under brush, before that time. That the defendant claimed the *locus in*

Thus, where B. brought trespass *quare clausum fregit* in May, 1816,

laying the trespass with a *continuando*, between the 1st Nov. 1814, and the 24th Nov. 1815, and recovered ; and then brought trespass against the same defendant for a subsequent injury to the premises in question in the former suit ; *held*, that the record in the former suit, followed by parol evidence that the premises in question were the same in both, was conclusive evidence of the plaintiff's title in the second action ; that it operated against the defendant by way of estoppel, whether it was pleaded, or given in evidence in the second suit.

But *held,* also, that the defendant might, in the second suit, have shown title in himself by alienation, or adverse possession, acquired since the time in question in the former suit.

*quo* as his own, and had, about five years before the trial, cleared it off and fenced it; claiming it as part of his farm

The plaintiff then offered in evidence, an exemplification of a record of a judgment in the Supreme Court, in an action of trespass *quare clausum fregit* between the same parties, Burt being plaintiff and Sternburgh defendant, in which a verdict was rendered for the plaintiff, for 23 dollars damages, and 91 dollars and 92 cents costs, the trespass being laid with a *continuando*, between the 1st day of November, 1814, and the 24th day of November, 1815, and the pleadings the same as in this cause, in all things, except as to the time of committing the trespass. It appeared from that record, that the suit was commenced as of May term, 1816, and tried at the Schoharie circuit, in November, 1818, before his honor Mr. Justice Platt. The plaintiff also offered to prove that the injury for which the recovery was had in that case was a trespass upon the *locus in quo* in this suit, and that on a former trial, the defendant attempted to defend himself under a title derived from George W. Featherstonhaugh. The plaintiff insisted that this record and proof were conclusive evidence of the plaintiff's title in the cause then on trial. The defendant's counsel objected that they were not conclusive: but the Judge decided that they were. The exemplification was then read in evidence, and John Adams, Esquire, was sworn as a witness for the plaintiff, and testified that the injury for which the former recovery was had, was a trespass committed upon the same land now in controversy: that, on the former trial, the defendant attempted to defend himself under a title derived from George W. Featherstonhaugh, and claimed the premises as lying in Weyfield and Clifford's patent; and that the plaintiff claimed them as lying in the old Schoharie patent; and that it was conceded on that trial, in which the witness officiated as counsel, that in case the premises were in the old Schoharie patent, then the plaintiff was entitled to recover, but in case they were in Weyfield and Clifford's patent, then the defendant was entitled to a verdict.

Peter Mann was then called, and testified that the trespass in the former suit was upon the same spot of ground as the one proved in this cause.

The defendant then objected that the plaintiff had not shown that he had the possession of the *locus in quo* when the trespass was committed. This objection was also overruled by the Judge.

The defendant then offered to prove that the *locus in quo* was not within the old Schoharie patent, but was within a patent granted to Weyfield and Clifford, and that the defendant had the title to the *locus in quo*, at the time when the trespass complained of in this suit was alleged to have been committed. This evidence was also objected to by the plaintiff's counsel, and overruled by the Judge; and the jury, under his charge, gave a verdict for the plaintiff for 56 dollars damages and 6 cents costs.

*D. Cady*, for the defendant, now moved for a new trial. He relied mainly on what was said by Ld. Ellenborough in *Outram* v. *Morewood*, (3 East, 357,) and contended that the record of the former cause, and the evidence under it, could not be deemed conclusive of both the plaintiff's title and possession, after the period embraced by the *continuando*. The point decided, related to the title for that period of time only. Beside, on the first trial, the defendant claimed title under Featherstonhaugh. In the present, he sets up a different one. The record is conclusive only as to the very point tried; and *Gardner* v. *Buckbee*, (3 Cowen, 120,) which will be relied upon, decides no more than this.

*H. Hamilton & A. Spencer*, for the plaintiff, subscribed to the doctrine of Ld. Ellenborough, in *Outram* v. *Morewood*, and relied upon it as an authority for the plaintiff. His lordship undoubtedly did in that case, set up a distinction between the effect of a former recovery when pleaded, and when offered in evidence, making it, in the former case, conclusive as an estoppel; in the latter not so. But Ld. Ch. Justice De Grey, in the *Dutchess of Kingston's case*, (11 St. Tr. 262,) held it conclusive either way; and this Court recognized his doctrine in *Gardner* v. *Buckbee*, cited for the defendant. All the defendant could show, as to title, was, that he had acquired a new one since the former trial.

The counsel also cited *Gelston* v. *Hoyt*, (3 Wheat. 246;) Peak. Ev. 34 ; 1 Phil. Ev. 129. 134 ; and 1 Chit. Pl. 492; 494.

*Curia*, per SUTHERLAND, J. In *Gardner* v. *Buckbee*, (3 Cowen's Rep. 120,) we adopted the language of Ch. J. De Grey, in the case of the Dutchess of Kingston, (11 State Trials, 261,) that the judgment of a Court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence conclusive between the same parties, upon the same matter, directly in question in another Court. In that case, the former judgment was not pleaded, but was given in evidence under the general issue ; and the counsel for the defendant there contended that the later cases had over-ruled the opinions of Ld. Mansfield in *Bird* v. *Randall*, (3 Burr. 1353,) and of Ch. J. De Grey, in the case of the Duchess of Kingston, that a former judgment is as conclusive in its operation when given in evidence as though it were pleaded. The case of *Vooght* v. *Winch*, (2 Barnw. & Ald. 662,) was relied upon. But we considered those opinions too well supported, both by principle and authority to admit of discussion.

It is well remarked by Ld. Ellenborough in *Outram* v. *Morewood*, (3 East; 353,) that the operation and effect of a former recovery, if it operate at all as a conclusive bar, must be by way of estoppel ; that it is not the *recovery*, but the *matter alleged by the party*, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself, he continues, in an action of trespass, is only a bar to the future recovery of damages for the same injury. But the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which, having once been distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them. In that case, the question which the defendant wished to contest was, whether certain coal mines, in relation to which the action was brought, were, at the time of making a certain convey ance by Sir John Zouch, part and parcel of the coal mines included in that conveyance. The plaintiff showed by his

replication, that the precise point had been raised between the same parties in a former action and decided in his favor; and the Court held that the defendant was estopped from again raising that question; that the point was conclusively settled between the parties, by the verdict.

In this case, it was shown that the former trial was between the same parties, for a trespass committed by the defendant, upon the same premises for a trespass upon which this action was brought; that the defendant then attempted to defend himself, under a title from George W. Featherstonhaugh, and contended, and endeavored to prove, that the *locus in quo* was in a patent granted to Weyfield and Clifford, and not in the Schoharie patent, as was contended by the plaintiff; and it was admitted on the former trial, that if the premises were in the Schoharie patent, the plaintiff was entitled to recover; if in the Weyfield and Clifford patent, that the defendant was entitled to a verdict. The former verdict must then have turned on that point; and it was in favor of the plaintiff. Yet that was the precise question which the defendant sought again to agitate in this case. He offered to prove that the *locus in quo* was in the Weyfield and Clifford patent, and that he had title to it when the trespass was alleged to have been committed. The decision of the Judge, that the former recovery, and the *evidence offered by the plaintiff, were conclusive evidence of the plaintiff's title*, must be understood as having been made after the defendant had disclosed the defence and title on which he relied; and as determining nothing more than that, in relation to that title, founded on the allegation, that the premises were in the Weyfield and Clifford patent, the recovery and evidence were conclusive. The offer on the part of the defendant, was nothing more than to show that the premises were not in the Schoharie, but in the Weyfield and Clifford patent. If this is the fair construction of the case, of which I have no doubt, I think the decision of the Judge was correct. The defendant was estopped from again opening that question.

But he certainly was not concluded by the former verdict, from showing title in himself, acquired subsequently to that trial, or indeed any other title than one depending

UTICA,
Aug. 1825.

on the point settled in the former cause. He might have shown that the plaintiff's title had been extinguished, either by alienation or a subsequent adverse possession. But I repeat, I understand his offer was simply to show, that the premises were not in the Schoharie patent, but in the patent of Weyfield and Clifford, and that, therefore, the plaintiff had no title. That was impugning the verity of the former verdict which he had no right to do. This case can not be distinguished in principle, from *Gardner* v. *Buckbee*, and *Outram* v. *Morewood*.

Motion for a new trial denied.