Bradly
v.
Field.

BRADLEY *vs.* FIELD.

Where the maker of a note against which the statute of limitations had run on its being presented to him for payment, said that the note had been paid in services performed for the payee; that the services were not done to apply on the note, but there was a running account between him and the payee, and he intended the amount should be set off against the note or against the payee, and agreed to produce his account, but at a subsequent day said it was burnt; *it was held*, that those declarations did not amount to an admission of a subsisting indebtedness, without which a promise could not be implied.

A discharge under the act abolishing imprisonment for debt in certain cases, may be given in evidence under a plea of the general issue; and a variance between the discharge pleaded and that produced on the trial will not prevent the party from offering the discharge in evidence.

ERROR from the Saratoga common pleas. Field sued Bradley before a justice of the peace, and declared on a promissory note given by the defendant to the plaintiff for the sum of $14,26, dated May 8, 1816. The defendant pleaded the general issue, the statute of limitations, and a discharge under the act abolishing imprisonment for debt, granted in September, one thousand eight hundred and twenty one, by James McCrea, Esq. a judge, &c. The plaintiff replied a new promise within six years, denied the granting of the discharge, and alleged fraud in the obtaining of it. The cause was tried before the justice in September, 1827, who rendered judgment for the plaintiff. The defendant appealed.

On the trial of the cause in the common pleas, the plaintiff proved that in August, 1827, his agent presented the note in question for payment to Bradley, who said that it had been paid; the agent asked how he had paid it; he answered, in services done for Field. On being asked if the services were done to apply on the note, he answered no ; there was a running account between him and Field, and he intended the amount should be set off against the note or against Field. The agent suggested to him the propriety of bringing his account to the justice's office, and have it applied on the note. The defendant agreed to do so. At a subsequent day, being asked whether he had brought down his account, he answered that it was burnt. On this evidence, the defendant moved for a nonsuit, which was denied. The defendant excepted.

The defendant then offered in evidence a discharge under the act abolishing imprisonment for debt in certain cases, granted to him by James McCrea, Esq. a judge of the Saratoga common pleas, bearing date in September, one thousand eight hundred and twenty; which was objected to on the ground of variance between the discharge pleaded, and that

offered to be given in evidence. The court refused to re-    UTICA,
ceive the discharge. The defendant also excepted to this August, 1829.
decision. After some further proof being given, the jury    Bradley
found a verdict for the plaintiff for $24,23, on 'which a judg-    v.
ment was entered, and to reverse which judgment a writ of    Field
error was sued out.

*J. Ellsworth,* for plaintiff in error.

*W. L. F. Warren,* for defendant.

*By the Court,* SAVAGE, Ch. J. Two questions are pre-
sented by the bill of exceptions; 1. Whether enough was
shewn to take the case out of the statute of limitations; 2.
Whether the defendant's discharge should not have been re-
ceived.

On the first point there are many contradictory decisions.
I consider the law correctly stated by Spencer, justice, in
*Sands* v. *Gelston,* (15 Johns. R. 520.) " If, at the time of
the acknowledgment of the existence of the debt, such ac-
knowledgment is qualified in a way to repel the presumption
of a promise to pay, then it will not be evidence of a promise
sufficient to revive the debt and take it out of the statute."
And again, in conclusion, he says, " though the defendant
admits the debt has never been paid, if he protests against his
liability, it would be an outrage on common sense to infer a
promise to pay in the face of his denial of his liability." The
same doctrine is found in 11 Wheaton, 309, and 1 Peters,
362. In my opinion, therefore, the court erred in inferring
a promise. When the defendant said he had paid the note
by a running account for his labor, he clearly did not intend
to admit a subsisting indebtedness, which is necessary to imply
a promise.

On the other point I think the court were in error also.
The defendant was entitled to give his discharge in evidence
on the general issue. His mistake in describing it when it
was superfluous to plead it, ought not to prejudice him.
There was no more surprise on the plaintiff than if he had
pleaded the general issue only. The judgment must be re-
versed, and a venire de novo awarded to Saratoga common
pleas.