CORTLAND GENERAL TERM, May, 1848.    *Shankland, H. Gray, Mason, and Morehouse,* Justices.

## NILES and BOYD, *vs.* TOTMAN.

As a general principle, in actions of assumpsit, any thing which shows that the plaintiff has no subsisting cause of action may be given in evidence under the plea of the general issue.

A former recovery against the defendant is an absolute defence to a second suit for the same debt or claim, whether pleaded or not.

A justice's docket, although not technically a record, is at least elevated to the dignity of a specialty; and though it may, in some cases, be explained, it is not liable, as a whole, to be contradicted by parol proof.

A justice's docket of a judgment rendered by him, has a verity superior to a rule entered in the minutes of a court of common pleas, reversing such judgment.

And where an exemplified copy of such a rule is objected to, generally, when introduced for the purpose of showing that a justice's judgment, set up as a bar to the action, has been reversed, a certificate that there was no record of such reversal in the common pleas, will not render the rule competent evidence.

ERROR to the Cortland common pleas.    The plaintiffs recovered a judgment against the defendant in 1845, before a justice, for the amount of three several promissory notes amounting to $35,67, and costs, upon which a certiorari was sued out and the judgments reversed, and the notes annexed to the justice's return in that case were directed by the court to be delivered to the plaintiffs.    In January, 1846, the plaintiffs commenced a suit against the defendant before the same justice, declaring upon one of the notes on which judgment was rendered in the former suit.    A trial was had (which is the subject of review in this court) a judgment was obtained, a certiorari brought, and the judgment reversed by the common pleas; and it came before this court on a writ of error upon that judgment.    On the trial, the defendant produced the justice's docket to show the former recovery for the same cause of action on the 5th of April, 1845, and which also showed the service of a certiorari in the cause on the 24th of April following.    As an answer to this the plaintiffs produced an exemplified copy of a rule entered in the minutes of the court of common pleas on the 5th of

Niles *v.* Totman.

February, 1846, reversing the former judgment with costs, and directing the notes to be delivered to Niles. The justice's docket was objected to by the plaintiff on the ground that notice of such defence had not been given, and that the judgment had no reference to the note in question. The exemplified copy of the rule was objected to by the defendant generally, without assigning a particular reason.

*L. Kingsley,* for the plaintiff.

*R. O. Reynolds,* for the defendant.

*By the Court,* MORÉHOUSE, J. It is unnecessary to discuss the difference, in effect, between a former verdict and judgment given in evidence with or without being pleaded, when it is admissible under the general issue. It is not perfectly settled, either in our own courts or the courts of England. It is agreed, however, as a general principle, that in actions of assumpsit, any thing which shows that the plaintiff has no subsisting cause of action may be given in evidence under the general issue; and a former recovery against the defendant for the same debt or claim, must necessarily be an absolute defence to a second suit, whether pleaded or not. The leading cases upon this point are cited in *Young* v. *Rummell,* (2 *Hill,* 478,) and *Miller* v. *Manice,* (6 *Id.* 114,) and *Cowen & Hill's Notes to Phil. Ev.* 804 *to* 810, and *Id.* 971. The justice's docket was therefore admissible under the general issue, and if the judgment was for the same debt or claim, or any part of it, the defence was absolute unless the bar was removed. That the plaintiff insists was done by operation of the rule reversing the judgment set up as a bar. The only material question in the case is, was that rule admissible for that purpose? It is made a point on the one side that it was doubtful whether the note in question was included in the first judgment; and on the other, that it was uncertain whether that or some other judgment between the same parties was reversed as indicated by the rule. The justice could have had no misgiving on those points. For him to

have doubted would have indicated a mind that would be uninfluenced by the demonstration of the simplest problem in Euclid, and to which the axiom, "that things which are equal to the same are equal to one another," would be too abstruse for comprehension. The judgment and the note were familiar, and their relation to each other in 1845 endorsed by him on the latter, at the time. I infer therefore that he, in giving judgment, held that the rule was admissible evidence of the reversal of the first judgment, and that the common pleas reversed it, holding the converse of that proposition. The act of 1837, (*Laws of* 1837, *p.* 508, § 3,) requiring the reasons of the court in such cases to be returned with the transcript of the record, was not complied with in this instance, and the ground of the decision, whether upon questions of law or fact, is left to be inferred by the court. The inquiry is not, therefore, whether the evidence in this particular case was satisfactory, but was it, upon the general rule applicable to such case, admissible.

Nothing can receive the respect and consideration due to a record, until enrolled or entered of record. (*Croswell* v. *Byrnes,* 9 *Johnson,* 287.) In that case there was an issue of *nul tiel record.* The judgment was produced, to rebut which, the plaintiff produced a rule of the court, subsequent to the judgment, setting it aside. The court say, "There is no doubt of a competent power in the court to make such rule; but the question is, whether the entry of such a rule upon the minutes is to be received as evidence against the record? It appears to be contrary to all the well settled technical rules upon the subject to give the entry such effect. A record imports verity, and can only be tried by itself. The maxim in this and all other cases is, that *nihil tam naturale quam quidlibet dissolvi eo modo quo ligatur.*" *Moor* v. *Risdell,* cited by the court, (1 *Ld. Raym.* 243,) was an action of assumpsit, in which the defendant pleaded in abatement that the plaintiff was a popish recusant convict, as appeared by the record of the estreat in the exchequer. The plaintiff demurred, and the second exception was that the defendant did not produce in court the record of the conviction. The court say the estreat in the exchequer is

Niles *v.* Totman.

not a record, but only minutes to make process upon it for the king. It is said the reason of the rule in the former of these cases does not apply, because the judgment of a justice is not a record. His docket is not technically a record, but it is at least elevated to the dignity of a specialty ; and though great latitude has been allowed in some cases in explaining it, it is not liable as a whole to be contradicted by parol proof. (*Brint-nall* v. *Foster*, 7 *Wend.* 103. *Jennings* v. *Carter*, 2 *Id.* 446, 457. *Buland* v. *Stewart*, 4 *Id.* 568.) The justice cannot amend or alter the judgment after it has been perfected, even to correct an error of his own in calculation, or retry the cause. (*People* v. *Delaware C. P.* 18 *Wend.* 558. *People* v. *Lynde*, 8 *Cowen*, 133.) It has therefore, I think, a verity superior to an entry upon the minutes of a court of record, which until entered upon the record may be changed or modified or overruled by the court, upon its own motion or the motion of a party. A satisfaction piece is not a record until entered on the roll ; it does not partake of the nature of a record. (*Lownds* v. *Remsen*, 7 *Wend.* 35.) An indictment itself endorsed " *a true bill*," with the minute book showing it had been preferred, is not evidence to prove an allegation that it had been preferred, though no record had been in fact drawn up. (*The King* v. *Smith*, 8 *Barn. & Cress.* 341. *Porter* v. *Cooper*, 6 *Carr. & Payne*, 354. *Rex* v. *Waid*, *Id.* 366 ; 5 *Id.* 507.) A plea of conviction or acquittal must be proved by the record. (*Rex* v. *Bowman*, 6 *Carr. & Payne*, 101.) No record was made in that case, and it was adjourned from time to time to enable the party to apply for a mandamus to compel the magistrates to make up a record. These, and similar cases in criminal proceedings, are provided for by statute, (2 *R. S.* 738 ;) which shows that but for the statute the law would be otherwise, and it does not make copies and transcripts of minutes and rules in courts of record evidence, in civil cases, of a matter which is usually enrolled. Before the statute in our own state it was held that a conviction for an infamous crime, to exclude a witness, must be proved by record. The sentence, as well as the conviction, were necessary to show that there had not been an arrest of judgment. (*People* v.

*Whipple,* 9 *Cowen,* 707. *People* v. *Herrick,* 13 *John.* 82.) The discontinuance of an action entered in court must be proved by the record. (*Sheldon* v. *Frink,* 12 *Pick.* 567.) Cases illustrating the general rule are almost inexhaustible. The foregoing are deemed sufficient for the exposition of the question in this cause.

It is insisted that, as the objection to the rule as evidence was general, the production of a certificate, on the argument, that there was no record makes it competent. This would be true if such certificate would have rendered it admissible before the justice. The general rule is that the best evidence must be given of which the nature of the thing is capable; that is, no evidence shall be brought which *ex rei natura* supposes a still greater evidence behind, in the party's own possession or power; (2 *Ev. Poth.* 147.) The design of the rule was to obviate fraud, not to exclude a party from justice; and the power of imposition being impossible, the rule bends to the necessities of mankind, and to circumstances not under their control. It never yields so far, however, as to allow evidence in its nature inadmissible, as a substitute for legitimate evidence, because the circumstances of the case are not susceptible of the latter. The court, upon application, would have ordered the defendant to make up a record, or have allowed the plaintiff to make one. No matter how satisfactory the evidence might have been to the justice, it is indisputable that the record would have been better evidence of the identity of the judgment produced and the judgment reversed, and of the unalterable adjudication of the court, than the rule entered in the minutes of the court. The thing was capable of this greater evidence, and it was in the power of the party to furnish it. The rule gives up its extreme of rigor where from ignorance or improvidence of any kind the party originally neglected to furnish himself with the highest assurance of a fact which might be disputed. Two witnesses are better than one, a writing better than a parol contract, a deed better than either, and a record better than all. (*Poth. supra.*) It calls, however, for the highest quality or grade of evidence, and when originally provided and in the possession of

power of the party, it does not relax from considerations of inconvenience or expense, of ignorance or forgetfulness, and admit inferior evidence, though that evidence if admissible would have been entirely satisfactory. The rules for the admission of evidence are absolute and imperative. If they admitted of relaxation it would be in furtherance of justice, I think, to bend them to this case. Their wisdom needs no vindication with those engaged in their administration.

Judgment of the common pleas affirmed.

SAME TERM.　　*Before the same Justices.*