## Case No. 17,526.

### WHITAKER et al. v. BRAMSON.

[2 Paine, 209.] 1

Circuit Court, S. D. New York.2

FINALITY OF JUDGMENTS — PLEADING RECORDS — DESCRIPTION — VARIANCE — PLEA OF NUL TIEL RECORD—RES JUDICATA—JUDGMENTS OF OTHER STATES—PENNSYLVANIA PRACTICE — AFFIDAVIT OF DEFENSE.

1. It is not a conclusive criterion, whether a definitive judgment has been rendered, that the entry employs or omits the usual form of "ideo consideratum est." Judgments are final and subject to review by writ of error, as well when entered without, as with that clause.

2. In pleading a record, it is not indispensable that the precise words of the record shall be observed. Surplusage, or immaterial omissions in matters of substance, in pleading records, are attended with no other consequences than in other cases. But as to matters of description it is otherwise, and there the record produced must conform strictly to the plea.

3. As the plea of nul tiel record puts in question the identity of the record, if circumstances descriptive of the record be untruly stated, though it was not necessary that they should be stated at all, it will be fatal.

4. The party by pleading a record with a prout patet, proffers that issue, and it is incumbent on him to maintain it literally; and this as well where the averment has reference to particulars which need not be specifically stated upon the record, as to those which must be so stated.

5. A record described as determining the rights of the party by the consideration and judgment of the court, and the conviction of the defendant, is not identical with one directing the same results, but in a different way.

6. All the particulars set forth in pleading, descriptive of a record or instrument on which the party relies, must be established by proof, or the variance will be fatal.

7. Although a party under the plea of former recovery be precluded from giving the record in evidence, on account of variance, yet he may avail himself of it under the general issue. But whether such proof can be received without notice of the special matter,—quære.

8. A judgment to operate as a bar, must be final. Suitors are not concluded by the pendency of an action in any other court for the same matter, or by any course of proceeding thereon short of final judgment.

[Cited in Webb v. Buckelew, 82 N. Y. 561.]

9. Under the constitution and act of congress, judgments obtained in the different states, have the like effect in every other state as in that where they are rendered. Although, therefore, they, in fact, are, proceedings of foreign and independent tribunals, they bear the character of judgments of courts of concurrent powers with those where they are offered in evidence.

10. The court cannot infer from principles of general law, what course of proceedings must necessarily have been adopted to obtain a complete judgment in a neighboring state. It will be presumed that the record conforms to the law or usage of that state, so far as it purports to go: but there may be averments and proof against its supposed operation.

11. A judgment imports that the indeterminate claims of a party are reduced to a certainty of the highest order, and one which can never more be questioned by the debtor. It is, therefore, a loose and faulty practice in actions for money, to leave it to the discretion of the party in whose favor judgment is rendered, to determine for himself how much he will take under it.

12. At common law, it is indispensable to a full judgment, that what it gives or decrees should be distinctly expressed.

13. Under the rule of the district court of Philadelphia, authorizing the plaintiff in actions on contract to sign judgment against the defendant, when he omits to file an affidavit of defence, if the amount be undetermined the judgment is only interlocutory, and to be made final when the appropriate proceedings shall be had for ascertaining the sum to be recovered.

14. And where, under the above rule, judgment by confession is entered, it will not be deemed final, unless there are concurring circumstances which denote the intention of the parties that it shall be final and complete as between them.

At law.

PER CURIAM. Assumpsit on two promissory notes. One note dated October 14th, 1824, for $281 25, payable six months after date; the other, dated December 17th, 1824, for $424 50, payable in six months. The declaration also contains the common money counts, and counts in indebitatus assumpsit. To this declaration the defendant pleaded: 1, the general issue; 2. the exemption of his body from imprisonment because of certain insolvent discharges; and 3, to the counts up-

---

1 [Reported by Elijah Paine, Jr., Esq.]

2 [Date not given. 2 Paine includes cases decided between 1827 and 1840.]

on the promissory notes, a former recovery for the same cause of action.[3]

The latter plea is the one immediately drawn in judgment; it is, after the formal commencement, as follows: "Because, he says, that after the making of the respective promissory notes by this defendant in the said two first counts of the said declaration mentioned, to wit, on the 28th day of November, 1825, the said plaintiffs impleaded this defendant by the name of John Bramson, before the judges of the district court for the city and county of Philadelphia, in the commonwealth of Pennsylvania, in a plea of trespass on the case for the same identical promissory notes in the first and second counts of the said declaration of the said plaintiffs mentioned; and such proceedings were thereupon had in the said district court before the judges aforesaid, to wit, on the 2d day of June, 1826; that the said plaintiffs, by the consideration and judgment of the same court, recovered against this defendant, by the name of John Bramson, in the plea aforesaid, their damages for

---

[3] A former suit for the same cause of action, in which the defendant obtained a verdict, is a bar to a second suit, although such verdict was rendered on the erroneous ground that the plaintiff's cause of action had not then accrued, when in fact the plaintiff had at the time a good and perfect cause of action. Morgan v. Plumb, 9 Wend. 287. A party setting up a former recovery in bar of a second suit, must show that the matter of the second suit was directly in issue in the former suit, and that the verdict and judgment in that case were directly upon the points sought to be litigated in the second suit, and of necessity involved their consideration and determination by the jury. McKnight v. Dunlop, 4 Barb. 36. A former recovery in an action by vendor against vendee, for the price of part of property delivered under a contract, is a bar in a suit by vendee against vendor for damages for nonfulfillment of such contract. Id. A former recovery, in which the same matter was tried upon the merits, may be given in evidence without being specially pleaded, wherever the party had no opportunity so to plead; and such recovery, though received in evidence under general pleadings, is as conclusive as in cases where the matter is specially pleaded. Beebe v. Elliott, Id. 457. A former verdict and judgment may be specially pleaded in trover. Miller v. Manice, 6 Hill, 116. A former recovery against defendant is an absolute defence to a second suit for the same debt or claim, whether pleaded or not. Niles v. Totman, 3 Barb. 594. Where a plea was interposed, setting forth a former recovery for the same cause of action in the state of Vermont, and a satisfaction of the judgment there by appraisement of lands upon execution issued upon such judgment; it was held, that such satisfaction being by a course of proceeding unknown at common law, the defendant was bound, if the proceeding was authorized by the statute law of the state of Vermont, to set forth the statute, so that the court might see that the proceedings had been conformable thereto; and, that a general averment that the proceedings were according to the laws of the state of Vermont, and fully authorized thereby, was not sufficient. Holmes v. Broughton, 10 Wend. 75. The court of errors cannot take judicial cognizance of any of the laws of the other states of the Union at variance with the common law. Id. It seems, however, that upon a common law question, the legal presumption is, that the common law of a sister state is similar to that of our own. Id. Where a party may avail himself of a former verdict or decree by way of estoppel, he must plead the same in bar of a suit, or in answer to a plea, or he will be deemed to have waived the estoppel, and to have consented that the jury shall re-investigate the facts, and find according to the truth of the case. A former verdict is not conclusive evidence: it is so only when pleaded. This rule, however, does not apply to actions of ejectment or assumpsit, nor to cases where the plaintiff's title is by estoppel, or where the party has had no opportunity to plead the matter specially as a bar. Wood v. Jackson, 8 Wend. 1. The fact that a judgment has been reversed, and the verdict upon which it is found-ed set aside, is a complete answer to a verdict urged by way of estoppel. A purchaser under a judgment may claim every benefit which the judgment creditor could have claimed had he been the purchaser, and, notwithstanding the reversal of the judgment, is entitled to the land purchased while the judgment was in existence, but not the benefit of a collateral fact settled by a verdict set aside as illegally rendered. Id. The former recovery for the amount of moneys paid at the commencement of the first suit, is no bar to a second action for other moneys subsequently paid on the same account; the former recovery being as for so much money paid at the request of the defendant, implied from his legal liabilities to indemnify the plaintiff. Wright v. Butler, 6 Wend. 284. A record of a recovery in a former action between the same parties, in which the jury decided that there was sufficient evidence of demand and notice of non-payment, is sufficient in a subsequent action to establish the fact of demand and notice. Id. Where a party has no opportunity to plead a former verdict as an estoppel, the record thereof may be given in evidence, and is conclusive and binding on the party, the court, and the jury. Id. Wood v. Jackson, 8 Wend. 1. Where an erroneous judgment is recovered, and the amount thereof collected, and such judgment is subsequently reversed for defect of form merely, and restitution and costs of reversal awarded to the defendant in the original judgment, such defendant cannot plead the payment made by him on the erroneous judgment in bar to a second suit for the original cause of action. Close v. Stuart, 4 Wend. 95. Where, in consequence of the want of ordinary care and skill in laying the foundations of a house about to be erected, damage was sustained by the owner of an adjoining house, and the parties thereupon entered into an agreement, by which it was stipulated that the work should proceed, that a partition wall should be built for the benefit of both parties, and that the damages and compensation should be passed upon by the arbitrators; which submission was revoked previous to an award made; and, in an action for breach of covenant brought by the person who built the house to recover a compensation for a portion of the wall, in which action the defendant set off his damages, it was held, that such damages were a legitimate subject of consideration in such action of covenant under the agreement between the parties, and having been submitted to and passed upon by a jury, a suit could not subsequently be sustained for a recovery of the same damages. Skelding v. Whitney, 3 Wend. 154. It seems that where a defence has been insisted on in a former action, submitted to and passed upon by a jury, and not objected to by the plaintiff in such action, although such defence be not the subject of set-off in such action, a party will be precluded from subsequently maintaining an action for the subject-matter thus set off by way of defence. Id. The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another court. Burt v. Sternburgh, 4 Cow. 559. Thus, where B. brought trespass quare

the non-payment of the said two identical promissory notes in the said two first counts of the said declaration mentioned, and whereof this defendant, by the name of John Bramson, was convicted, as by the record and proceedings thereof still remaining, &c.". To this plea the plaintiff replied nul tiel record, upon which issue was taken.

On the trial of the cause, the defendant produced a record of a judgment in the district court for the city and county of Philadelphia, which he offered in evidence in support of his plea. The record was duly authenticated pursuant to the act of congress of May 26th, 1790. The counsel for the plaintiffs objected to the competency of this proof to sustain the issue, because the record upon its face showed that no final judgment had been rendered in that court upon this matter; and its admissibility was objected to on account of variances between the record produced and the plea of the defendant.

First, as to variances. These are supposed to consist in this: 1st, that it is aver-

---

clausum fregit, in May, 1816, laying the trespass with a continuendo between 1st November, 1814, and the 24th November, 1815, and recovered; and then brought trespass against the same defendant for a subsequent injury to the premises in question in a former suit; held, that the record in a former suit, followed by parol evidence that the premises in question were the same in both, was conclusive evidence of the plaintiff's title in the second action; that it operated against the defendant by way of estoppel, whether it was pleaded, or given in evidence in the second suit. Id. But held, also, that the defendant might, in the second suit, have shown title in himself by alienation, or adverse possession, acquired since the time in the former suit. Id. A plea that the defendant was not served with process, and had not notice of the pending or prosecution of the suit, is equivalent to a denial of appearance in person or by attorney, and a bar to the action. Holbrook v. Murray, 5 Wend. 161. In an action on such a judgment against several, who sever in their defence, if the plea of one be adjudged good, and the judgment as to him be pronounced void, it is void as to all the defendants. Id. A former recovery for a previous payment is no bar to a second action for a subsequent payment, although the evidence in both actions is in part the same. Butler v. Wright, 2 Wend. 369. The judgment of a court of concurrent jurisdiction, directly upon a point, is conclusive between the same parties, upon the same matter coming directly in question in another suit. Gardner v. Buckbee, 3 Cow. 120. And this, whether it be pleaded, or given in evidence under the general issue. Id. It is conclusive, whether it appear upon the face of the record in the former suit, that the same matter was tried and passed upon, or not. Id. If it was, in fact, so tried, without this fact appearing of record, the proper course is to give the record in evidence, and then prove, by parol, that the matter did arise, and was tried upon the pleadings in the record. Id. Where B. sued G. upon a promissory note in the marine court, and G. pleaded the general issue, with notice that the note was given upon the fraudulent sale of a vessel by B. to G., which was the question upon the trial, and the verdict was for the defendant; and afterward B. sued G. in the common pleas, upon another note given upon the same purchase: held, that upon the trial of the second cause, the record and proceedings in the first were conclusive evidence of the fraud, and were a conclusive bar to the second action: that the proper course was to give the record of the marine court in evidence: and then show by parol evidence. (e. g. by the justice who tried the first cause.) that the same question had been tried before him. Gardner v. Buckbee, 3 Cow. 120. In an action of assumpsit against the maker of a promissory note, (not negotiable,) it is a good plea in bar, that a judgment was recovered in the supreme court of the state of Vermont, (where the note was made and the parties resided,) at the suit of the creditors of the plaintiff on a foreign attachment against the plaintiff, as an absconding debtor, to recover the amount of the same note of and against the credits and effects in the hands of the defendant,

(the maker of the note,) as the trustee and debtor of the plaintiff. Prescott v. Hull, 17 Johns. 284. A judgment for the defendant in trespass de bonis asportatis, is a bar to an action of assumpsit to recover the price of the same goods. Rice v. King, 7 Johns. 20. Where an action has been brought, and judgment given, but part of the plaintiff's demand omitted by mistake, if he afterward bring another action to recover the demand so omitted. the former action is a good bar. Platner v. Best, 11 Johns. 530. A plea of a former recovery and satisfaction, necessarily contains matter of fact and record, and may conclude to the country. Thomas v. Rumsey, 6 Johns. 26. The pendency of a suit in another state or in a foreign court, by the same plaintiff against the same defendant. for the same cause of action. is no stay or bar to a new suit brought here. Bowne v. Joy, 9 Johns. 221. The exception, rei judicatæ, applies only to final or definitive sentences abroad, upon the merits of the case. Id. And the same rule applies to the pendency of a cause in an inferior court in the same state. Id. So. another action pending between the same parties, for the same cause, in the circuit court of the United States. of another district. is not pleadable in bar. nor in abatement. Walsh v. Durkin, 12 Johns. 99. Aliter, as to a foreign attachment in another state, by a third person; for there the attachment is a lien, and if the defendant is not allowed to plead in abatement, he may be compelled to pay the money twice. Id. Where, by virtue of a foreign attachment prosecuted according to the laws of another state, a debt due from the defendant to the plaintiff is attached by a creditor of the plaintiff. to whom the defendant is compelled to pay the debt, in an action brought against him in this state for the same debt, he may plead the recovery by the attaching creditor in bar. Embree v. Hanna, 5 Johns. 101. So, the pendency of the proceedings under the attachment may be pleaded in abatement. Id. See Prescott v. Hull, 17 Johns. 284. The same cause of action is where the same evidence will support both actions. Rice v. King, 7 Johns. 20: Johnson v. Smith, 8 Johns. 383. Where matters have been once submitted to a jury, their verdict is a bar to another action, and the plaintiff will not be permitted to show that they separated his demand, passing upon part of it. and giving no verdict upon other parts. Brockaway v. Kinney, 2 Johns. 210. A recovery in a former action apparently for the same cause, is only prima facie evidence that the subsequent demand has been tried. but is not conclusive. Snider v. Croy. Id. 227. If the plaintiff, in a former action. joined two trespasses in the same count. and the court, on motion of the defendant. compelled him to elect for which trespass he would proceed, and that he should not go for both. and the jury found damages accordingly, it will not be a bar to a subsequent action. brought for the trespass which he was obliged to abandon. Id. A recovery against one joint trespasser is not alone a bar to an action against another: there must at least have been an execution thereon. Livingston v. Bishop, 1 Johns. 290.

red in the plea that the plaintiffs recovered in that court their damages for the non-payment of the two notes, whilst the record shows that judgment was rendered for want of an affidavit. That part of the record supposed to contain the judgment of the court upon those demands, is in this form: "And now, to wit, on the second day of June, 1826, the plaintiffs, by their said attorneys, come and sign judgment against the said defendant, in the words following to wit: 'June 2, 1826, I sign judgment in this case for want of an affidavit of defence. John C. Lowber.' And, therefore, the court direct judgment to be entered, accordingly, in favor of the said plaintiffs." 2d, that the plea avers that the plaintiffs, by the consideration and judgment of the said court, recovered their damages, &c., whereof the said defendant was convicted; but that it nowhere appears by the record that the matter was determined by the consideration and judgment of the court, or that the defendant was convicted of anything claimed by the plaintiffs' suit.

It is urged for the defendant, that the law does not exact a literal correspondence of the record with the plea, and that it is enough to plead a record according to its effect, without regarding the precise phraseology in which it may be framed. It certainly cannot be regarded as a conclusive criterion whether a definitive judgment has been rendered, that the entry employs or omits the accustomed form of "ideo consideratum est." Judgments are final, and subject to review by writ of error, as well when entered without that clause as with. Yates v. People, 6 Johns. 338. Neither generally in pleading a judgment, need the precise words of the record be observed. Surplusages or immaterial omissions in matters of substance, in pleading records, are attended with no other consequences than in other cases. Archb. Civ. Pl. 362, 376. But as to matters of description it is otherwise, and there the record produced must conform strictly to the plea. It has been considered that if any circumstances descriptive of the record be untruly stated, though they were not necessary to be stated at all, it will be fatal on nul tiel record. Lawes, Pl. 670. This is because the issue puts in question the identity of the record set up as evidence of a former recovery.[4]

---

[4] The only plea of the general issue applicable to a declaration upon a judgment of a neighboring state is nul tiel record. Shumway v. Stillman, 4 Cow. 292. A plea of nul tiel record to a judgment in an inferior court is not triable by the record, but by a jury; and may be joined with a plea of payment. Witherwax v. Averill, 6 Cow. 589. Nul tiel record may be pleaded to an action on a judgment given in another state. Andrews v. Montgomery, 19 Johns. 162. Contra, Post v. Neafie, note. 2 Johns. Cas. 257; Rush v. Cobbett. Id. 256; Hitchcock v. Aicken, 1 Caines. 460; and see 3 Caines. 22. Under the plea of nul tiel record, the defendant cannot give notice of special matter to be offered in evidence

The party, by pleading a record with a prout patet, proffers that issue, and it is incumbent on him to maintain it literally (Purcell v. Macnamara, 9 East, 160); this, as well where the averment has reference to particulars which need not be specifically stated upon the record, as to those which must be so. Upon these principles, if the phraseology in which the judgment is narrated in the plea is to be taken as descriptive of the record evidencing such judgment, no departure from it in the proofs can be allowed. A record described as determining the rights of the party, by the consideration and judgment of the court, and the conviction of the defendant, would not be identical with one directing the same results, but in a different way. Philipson v. Mangles, 11 East, 516. The like rule prevails in relation to other instruments. A declaration upon a note, as containing the words "for value received," cannot be supported by proving a note without these words (10 Johns. 418); yet they add no efficacy to the instrument. 9 Johns. 217; Bayley, Bills, 24, 25. These doctrines are discussed and applied in the elementary books. 3 Starkie, Ev. 1531–1533, 1593, 1596, 1598, 1600, 1604. The current of the cases, and the principles on which they rest, clearly tend to show that all the particulars set forth in pleading, descriptive of the record or instru-

---

at the trial. Raymond v. Smith. 13 Johns. 329; Haverly v. Barkeydt. 1 Wend. 70. Nul tiel record cannot be joined with any other plea. Carnes v. Duncan. Colem. & C. Cas. 41.

In most of the United States, where a domestic record is put in issue by the plea of nul tiel record, the question arising upon it, though a question of fact, is one to be tried by the court, and not by the jury. State v. Isham. 3 Hawks, 185; Barker v. M'Clure. 2 Blackf. 14; Adams v. Betz, 1 Watts. 425; Hill v. State. 2 Yerg. 248. But, in New York, it is provided by statute. that all issues of fact joined in any court proceeding according to the course of the common law, shall be tried by jury, except in those cases where a reference shall be ordered. 2 Rev. St. p. 409, § 4. Under this provision, it seems, an issue of nul tiel record must be tried by jury. Trotter v. Mills. 6 Wend. 512. And. before the above statute, the supreme court held, that a replication of nul tiel record to a plea of a judgment recovered for the same cause of action in the circuit court of the United States, must conclude to the country, and, consequently. that the issue must be tried by a jury. Their reasoning is thus: "The circuit court of the United States, in relation to this court. is neither a superior nor an inferior court, but is to be regarded as a court of another government. Their records, therefore. as to this purpose. are foreign records, and the verity of them must be tried by a jury. The original record of that court cannot be brought here to be inspected by this court: nor can the tenor of it be brought in by certiorari or mittimus out of chancery." Baldwin v. Hale, 17 Johns. 272.

In England. it has been held. that a plea of nul tiel record pleaded to an action of debt on an Irish judgment, must conclude to the country; for though since the union, such judgment is a record. yet it is only proveable by an examined copy. on oath. the verity of which is to be tried by a jury. Collins v. Mathew, 5 East, 473.

ment on which the party relies, must be established by his proof, or the variance will be fatal. In my opinion, this case falls within those principles. The record of the former judgment is the only evidence the defendant can offer in support of his plea; and as his plea makes various allegations prout patet, or as contained upon the record, it is manifest that it assumes to describe the precise contents, so as to identify the record on which the defendant relies. The record produced not comporting with this description, the variance is fatal. The defendant, however, insists that if his record cannot be given in evidence under the plea, on account of the variance, yet that he may avail himself of it under the general issue.

Such, no doubt, is the rule of evidence (1 Chit. Pl. 572; 2 Saund. Pl. & Ev. 134; 1 Saund. 92; 3 Wend. 272); but it is intimated to be questionable whether the proof would be received without a notice of the special matter (3 Cow. 120; 4 Cow. 558). I do not purpose to discuss this point, as my judgment will be placed upon the other leading point in this case, to wit, whether this record proves a final judgment; although I am free to say that the inclination of my opinion is, that the defendant may give such evidence under the general issue, without notice, for the reason that the proof shows that, when the suit was instituted, the plaintiff had no such cause of action. The former contract was extinguished or merged by the judgment into which it had passed, and no other remedy remained to the creditor but upon such judgment. Green v. Sarmiento [Case No. 5,760]; Fairchild v. Camac [Id. 4,610]; Field v. Gibbs [Id. 4,766].

The main question in the case is, whether the record produced proves that a definitive judgment has been rendered by a competent court, upon the subject-matter of this suit. It is clear that the judgment must be final to operate as a bar. But courts do not consider their suitors concluded by the pendency of an action in any other court for the same matter, or by any course of proceedings thereon short of final judgment. 9 Johns. 221; Tidd, Prac. 977. In the language of a majority of the court of errors, in the case of Yates v. People (6 Johns. 401, 457, 458) a judgment is final when the court puts an end to the action, by declaring that the party has, or has not, entitled himself to the remedy he sues for; or, as Judge Spencer expresses it, the judgment is complete when the language of the record imports an ultimate and final decision of the case, whether the language employed be consonant to technical formulas or not. The distinction between interlocutory and final judgments is, that the first are only intermediate and do not finally determine the suit, whilst the latter at once put an end to the action. 3 Bl. Comm. 395, 399; 2 Saund. 30. Under the constitution and act of congress, judgments obtained in the different states have the like effect in every other state as in that where they are rendered. Although, therefore, they in fact are proceedings of foreign and independent tribunals, they bear the character of judgments of courts of concurrent powers with those where they are offered in evidence.[5] This consideration, if it does not vary the application of the common law rule in relation to foreign judgments, at least opens more distinctly the inquiry into the character and effect of the judgment in its home forum. The English courts regard no for-

[5] In New York, the Revised Statutes provide, that the records and judicial proceedings of any court in a foreign country, shall be admitted in evidence in the courts of this state, upon being authenticated as follows:

1. By the attestation of the clerk of such court, with the seal of such court annexed, or of the officer in whose custody such records are legally kept, with the seal of his office annexed:

2. By a certificate of the chief justice or presiding magistrate of such court, that the person attesting such record is the clerk of the court, or that he is the officer in whose custody such record is required by law to be kept; and in either case, that the signature of such person is genuine: and,

3. By a certificate of the secretary of state, or other officer of the government, under whose authority such court is held, having the custody of the great or principal seal of such government, purporting that such court is duly constituted, specifying generally the nature of its jurisdiction, and verifying the signature of the clerk or other officer having the custody of such record, and also verifying the signature of the chief justice or presiding magistrate. 2 Rev. St. p. 396, § 26.

Copies of such records and proceedings in the courts of a foreign country, may also be admitted in evidence upon due proof—

1. That the copy offered has been compared by the witness with the original, and is an exact transcript of the whole of such original:

2. That such original was in the custody of the clerk or other officer, legally having charge of the same: and,

3. That such copy is duly attested by a seal, which shall be proved to be the seal of the court in which such record or proceeding shall be. Id. § 27.

It is declared, however, that these provisions shall not prevent the proof of any record or judicial proceeding of the courts of any foreign country, according to the rules of the common law, in any other manner than that pointed out above: nor shall they be construed as declaring the effect of any record or judicial proceeding, authenticated as prescribed by the statute. Id. § 28.

The different modes of authenticating foreign judgments, independent of any legislative provision on this subject, have been laid down by Marshall, C. J., as follows: 1. By an exemplification under the great seal. 2. By a copy, proved to be a true copy. 3. By the certificate of an officer authorized by law, which certificate must itself be properly authenticated. These he pronounces the usual, if not the only modes of authenticating foreign judgments. Church v. Hubbart, 2 Cranch [6 U. S.] 187, 238. See also, Mahurin v. Bickford, 6 N. H. 567, 570; Vandervoort v. Smith, 2 Caines, 155, et seq.

If these modes of authentication be all beyond the reach of the party, other testimony, inferior in its character, will, it seems, be received. Church v. Hubbart, supra, per Marshall, C. J. See Hadfield v. Jameson, 2 Munf. 53; Young v. Gregorie, 3 Call, 446. Also, per Washington, J. in Wood v. Pleasants [Case No. 17,961.]

eign judgment as conclusive between the parties, unless it is of a form to render it so, if obtained in one of their own courts. This is the result of the decision in Plummer v. Woodburne, 4 Barn. & C. 625. In that case the record set forth that the jury found for the defendant, and that judgment was rendered by the court upon and agreeably to the said verdict, and it was held to be no bar when pleaded as a former recovery. Yet it might well happen in the diversified practice of courts in the different states, in many respects notoriously conducted without much observance of common law rules, that a judgment in that form would be deemed final and complete. We are to investigate and settle the faith and credit and effect this judgment would have in Pennsylvania, and whether or not a greater or less credit would have been given it if obtained in one of our courts. We are to regulate the influence of this record by the former and not by the latter consideration. Hampton v. McConnell, 3 Wheat. [16 U. S.] 234. This court cannot infer, from principles of general law, what course of proceedings must necessarily have been adopted to obtain a complete judgment in a neighboring state. It will be presumed that this record conforms to the law or usage of that state, so far as it purports to go.

If it was competent to the plaintiffs to show such inference to be inaccurate, it might be competent for them, under this issue, to give the evidence to the court, as there may be averments and proof against the supposed operation of a record. [Biddle v. Wilkins] 1 Pet. [26 U. S.] 692. A plaintiff in Pennsylvania is allowed to issue judgment against the defendant in action upon contract, when the defendant omits to file an affidavit of defence. This practice, it is believed, is peculiar to that state. The competency of the district court to establish such a course of practice has been ably contested, and, though ultimately upheld, it was by the opinion of a divided court. Vanatta v. Anderson, 3 Bin. 417.

The question now arising is, whether the judgment authorized by this rule is final in the first instance. It would certainly add to the singularity of this mode of procedure, if the plaintiff, by his simple fiat directing this species of judgment, could conclude the defendant in a matter of unascertained damages, and become entitled to recover whatever he claims to be due, without having that claim sanctioned by a jury or the court. This is certainly not so ordinarily by the practice of that very court, in cases of indebitatus assumpsit. The case of Coates v. M'Camm, 2 Browne (Pa.) 175, was of that character; but in order to fix with certainty the demand of the plaintiff, the defendant called for a bill of particulars, which was, accordingly. furnished at his instance. No affidavit of defence being filed in time, judgment was signed for that cause,

and an execution issued, without any previous inquisition to ascertain the damages. A rule was obtained for the plaintiff to show cause why the judgment and execution should not be set aside. After discussing various points in relation to the pleadings and former condition of the cause, the court say: "The plea in abatement being too late, the court are of opinion that it was regular to sign judgment for want of an affidavit of defence. But as no inquisition has been held to ascertain the damages, the execution must be set aside; and if the defendant has merits, he can avail himself of the defence before the inquest." 2 Browne, 173.

There would seem to be no greater necessity for an ulterior proceeding in that case to ascertain the damages, after the defendant had been apprised in answer to his own call, by a bill of particulars, what the specific demand was, than in an action on promissory notes. The declaration on promissory notes is always upon the face of them, without regarding the endorsements upon the notes themselves; and if there is to be no act of court ascertaining the sum actually due, it is manifest that the promissor, or his representatives might thus be subject to pay the full amount, where the notes themselves bore evidence of their being nearly satisfied.

This court would look for very satisfactory evidence that a practice so loose and liable to abuse, was sanctioned in the enlightened tribunals of a neighboring state, before we could recognize and affirm it. It, therefore, appears to me, there is a substantive defect in this record, if to be considered one of final judgment, in not determining with certainty the sum for which judgment is directed. The very nature of a judgment imports that the indeterminate claims of a party are reduced to a certainty of the highest order, and one which can nevermore be questioned by the debtor. It is, as is said by the Pennsylvania court (2 Serg. & R. 142), a most loose and faulty practice, in suits claiming money, to pass judgment against one party and in favor of another, and then leave it to the discretion of him in whose favor the judgment stands, to determine for himself how much he will take under it.

Judgments for the penalty on bonds for the payment of money, are not analogous. There the judgment is for a specific sum. Strictly at law, the penalty would be the sum the plaintiff was entitled to collect; but courts of law exercise an equitable jurisdiction over the judgment and restrain the creditor from receiving more than the money actually due, with interest and costs: but the body and estate of the debtor are subjected, by the terms of the judgment, to pay a specified sum. Here no amount is designated by the judgment. limiting the recovery of the plaintiff; and on the argument, the counsel for the de-

fendant seemed in doubt whether the judgment must be taken to be for the $700 damages claimed by the declaration, or for the sum of the two notes, with interest.

The rule of the district court of Philadelphia, above stated, provides explicitly in one case that the judgment shall be for a precise sum; and if the defence be to part only, the "defendant shall specify the sum which is not in dispute, and judgment shall be entered for so much as is or shall be acknowledged to be due to the plaintiff." It is difficult to perceive a reason for designating the sum recovered in one case, which would not equally exact it in the other; and the only interpretation I can give the rule is, that in the latter case the sum being fixed by the confession of the party, a final judgment is at once rendered for the amount; but in the other, the amount being undetermined, the judgment is only interlocutory, and to be made final when the appropriate proceedings shall be had for ascertaining the sum to be recovered.

This would conform the judgments under that rule to those obtained at common law (14 Vin. Abr. 612; 6 Dane, Abr. 90; Lawes, Pl. 669), it being indispensable to a full judgment that what it gives or denies should be distinctly expressed.

There is no satisfactory evidence before me that the courts in Pennsylvania hold anything to be a complete judgment short of the requisites at common law. The case of Lewis v. Smith, 2 Serg. & R. 142, goes further than any other case towards supporting the judgment set up in the present instance. There an action of indebitatus assumpsit was brought on a debt of $30,000, claiming $60,000 damages. The defendant gave a plea of confession; upon which a general judgment was entered for the plaintiff, neither the plea nor the judgment designating the amount to be recovered. The validity of the execution, and subsequent proceedings upon this judgment, were subsequently brought in question before the supreme court, it being contended that this could not be considered anything more than an interlocutory judgment. So the court clearly intimate it should be considered upon general principles; but they found themselves controlled by a long-established course of practice which had obtained in that state, to enter judgments by confession in that way, and to deal with them as complete judgments, at least for the purpose of issuing execution and recovering the money thereon against the judgment debtor. The court reprehends the practice, in strong terms, as loose and improper; but they think it had so far acquired the sanction of usage, as that it could not be abrogated without a formal rule duly promulgated. But it will be perceived, that the two judges who sat in the decision of the case, mark, with the most cautious distinction, this as a case upon confession, and that the parties intended it should be final. Tilghman, C. J., says: "I take it. that where judgments are confessed, if the plaintiff's demand is in the nature of a debt, which may be ascertained by calculation, whether it arise on a note or other writing, or on an account, it is sufficient to enter judgment generally. The judgment is supposed to be for the amount of damages laid in the declaration, and the execution issues accordingly." Again: "That this was intended by the parties as a final, and not interlocutory, judgment, I am well satisfied." The chief justice refers to two particulars in the proceedings establishing the understanding of the parties: First, that a stay of execution had been given on the judgment; second. that on its revival by scire facias as a judgment for $60,000, the defendant had also confessed judgment to the sci. fa. Yates, J., concurred with the chief justice in considering the judgment as final, in contradistinction to interlocutory, which does not bind lands. He says: "It was not a judgment by default, but by confession; it contained a stay of execution for sixty days, and the subsequent judgment agreed to by the defendant showed the intention of the parties, that they considered it final. I see nothing incorrect herein." It is manifest that the court meant their decision should extend no further than to judgment by confession; and it is even doubtful whether the mere fact of confessing judgment would be enough to sustain one entered as that had been, without other circumstances concurring to denote the intention of the parties that it should be final and complete as between them. The case is no authority beyond that point; it does not assume to touch the mass of judgments entered for want of affidavits of defence, but would rather seem, by broad implication, to consider all such as imperfect judgments; they being certainly no higher than judgments by default. The case of Coates v. M'Camm is not affected by this decision, and that case is entitled to great regard on this point, as it occurred in the court which adopted the rule under consideration, and must be considered an exposition of the true meaning of the rule, or a limitation of its action.

The case of Lewis v. Smith. 2 Serg. & R. 142, also clearly recognizes the doctrine of the common law, as governing in this respect the proceedings of the Pennsylvania courts, other than in the excepted case. That case looks for all the constituents to a perfect judgment, that would be required in this state or at Westminster Hall. At all events, it does not establish the point, that a general judgment for the default of the defendant is complete and final; nor that any judgment not for a specified amount could be good on a contract for the payment of money, other than when entered upon the confession of the party.

Another criterion which may justly be applied to the judgment is, to inquire whether an action of debt would lie upon it, or any other action, which would enable the plaintiff to enforce it in this state? It would be difficult to frame a declaration upon it which would be sustained by the record. There is

an inexplicable ambiguity upon the face of the record, if it evidences a final judgment, whether the amount of the promissory notes with interest, or the specific sum of seven hundred dollars, is awarded by the court; and though it might equally well support either assumption, yet it would not be sufficient to establish one or the other. Upon this view of the case, I feel compelled to consider this judgment as no more than interlocutory; and therefore whether admissible in evidence under the general issue or well pleaded, it would. be no bar to the plaintiffs' recovery in this action. And without pursuing the argument into the further illustrations it might admit, I shall rule in relation to the two prominent points in the case, that the record does not comport with the plea, nor is it proof of a final judgment and former recovery which bars this action.

Judgment for plaintiff.