NEW-YORK,
Nov. 1810.

RICE
v.
KING.

and to prove it he called two witnesses, one of whom stated that the defendant had obtained a *certiorari* on the judgment before Justice *Gorlay*, and that he had seen it; the other witness stated, that he had served it upon the justice; and upon being asked whether it was in a suit between the same parties, the question was objected to, and overruled, on the ground that the contents of the *certiorari* could only be proved by the production of the writ, or of the justice on whom it was served.

## RICE *against* KING.

In an action of *assumpsit* before a justice of the peace, for *staves sold and delivered*, the defendant pleaded a former action of *trespass* brought by the same plaintiff for the same staves against the defendant, in which there was a verdict and judgment for the defendant. It was held, that the judgment in the action of *trespass* for the same goods, was a bar to an action of *assumpsit* for the same cause.

The same cause of action is where the same *evidence* will support both actions, though on different writs.

IN error, on *certiorari*, from a justice's court.

*King* sued *Rice* before the justice, in an action of *assumpsit*, for 1,000 hogshead staves. *Rice* pleaded the general issue; and, afterwards, at the day adjourned for trial, he pleaded a former trial and verdict in bar. The former trial was an action of trespass for the same staves, and a verdict was found for the defendant. The plaintiff admitted the truth of the plea; and proved, in support of his action, that the defendant acknowledged that he had taken a load of staves of the plaintiff, and that he would take the residue, and pay him. The defendant proved by a witness, who was a juror on the former

trial, that they found a verdict for the defendant, because it did not appear that the plaintiff had any right to the staves. The justice charged the jury, that, as the former action was trespass, and the plaintiff had not, in that case, recovered any thing for the staves, the judgment in that action was no bar; and they found accordingly for the plaintiff below.

*Per Curiam.* The plea of a former verdict and judgment in the same cause was put in too late, had it been objected to; but no objection was made, and the plaintiff below admitted the fact of the former suit, but denied it to be a good bar, because that was an action of trespass, and this was an action upon the case. The justice charged the jury to the same effect. This charge, and the verdict in pursuance of it, were erroneous. What is meant by the same cause of action, is where the same evidence will support both the actions, although they happen to be grounded on different writs. The plaintiff below brought an action of trespass for the taking of these staves, and failed ; and now he waives the *tort*, and brings *assumpsit* upon the same proof. It was shown that the former verdict was upon the merits of the claim, and upon the ground that the plaintiff had no right to the staves. If he had no right of action against the defendant for the taking of those staves, because he had no right of property, he had no right, without further and different proof, to the value of those staves. The case of *Kitchen* v. *Campbell*, (3 *Wils.* 304.) is to this purpose ; and the court of C. B. there held, that as the plaintiffs had formerly brought trover for the goods in question, and had a verdict against them on the merits, it was a bar to an action of *assumpsit* for the same cause of action.

Judgment of reversal.