Per Curiam.
The complaint alleges that the plaintiff and defendant entered into an agreement, whereby in consideration of the plaintiff’s overseeing, taking charge of and laboring in the business of defendant, the defendant agreed to pay the plaintiff for such services one-half of all the profits of said business, after making specified deductions. It further alleged what the profits had been after making the deductions; that the half of the profits amounted to $10,500 ; and that the defendant was indebted to plaintiff in such sum, less the credit hereinafter mentioned ; that the defendant was entitled “to a credit on account of $2,637.80 and it demanded judgment for the difference.
*192 The answer made a general denial, and for a separate defense, that the plaintiff had commenced another action in this court for the same identical cause of action in the complaint herein set forth; that the defendant appeared and answered therein ; that such proceedings were therein had that it was by the court duly considered and adjudged, on the merits, that the complaint of the plaintiff be dismissed, etc.
The complaint in the action pleaded in the answer, alleged that the plaintiff entered into partnership with the defendant for the purpose of carrying on a certain business ; that by the terms of the copartnership agreement, each partner was to share equally in the profits, the defendant to be allowed certain amounts. These amounts are the deductions referred to in the present complaint. It made further allegations of fact relevant to a right of plaintiff to dissolve the partnership, and asked judgment of dissolution and for an accounting.
The answer to this complaint was a general denial. Upon the trial of the issues, the court found that the plaintiff did not enter into any copartnership as alleged in the complaint or at all, and the judgment, after reciting this finding, was that the complaint be dismissed.
The referee found in the present action, that the former action referred to the business described in the present complaint, and that the profits, one-half of which the plaintiff here claimed, were the one half profits referred to in the former complaint. He also found that the testimony in this action proved the allegation of the present complaint.' The testimony in the two actions was about the same, the important difference being that in the former action the plaintiff testified to the defendant’s proposing to him to go into the partnership business, and in this action the plaintiff left out the word partnership.
The learned counsel for defendant claims that as the plaintiff sought to recover one half of the same profits in both actions, and could have had a jndgment.for an accounting as to the profits in the former action, and as the right *193 is based by the plaintiff here upon the same contract, that he formerly brought his action upon, the former judgment is conclusive.
The identity of the relief demanded, for instance, as the defendant’s counsel claims, an accounting, does not of itself make the former action a bar. In Child v. Gibson (2 Atk. 603), Lord Hardwick said, ‘1 Every plea that is set up as a bar must be ad idem. Therefore if a judgment or decree be pleaded, it must appear to be ad idem.....The defendant only pleads that a bill was brought for an account and a decree made. For it is extremely hard to say that because the plaintiff failed in the case which he made on the former account, that now he has made a new case and brought a new bill, he shall not be allowed to go on, but be barred by a plea of a former decree in the same matter.” And it is not enough that the property in controversy in both actions is the same (Dawley v. Brown, 79 N. Y. 398).
It is necessary to show that the proof in the second action would have been available in the first action. In Miller v. Manice (6 Hill, 122), the court said, “It is no answer to the defense óf a former recovery that the form of action in both suits is not the same. . . . For if the same question was submitted to the jury in the first action and the evidence in the last suit, if it had been given in the first action, would have been equally available as in the last, to entitle the plaintiff to recover under the state of pleadings in both, then the verdict and judgment in the first action .... is an absolute .bar to any recovery,” in the second action. “But where the form of the first action was such that the proof necessary to a recovery could only be brought forward in a different form of action .... the failure of the plaintiff in one suit is no bar to their recovery in the other, although it is for the same cause of action for which they attempted to recover in the first suit.” In the present case, the cause of action is upon a contract to pay money for services, while the first was an action based *194 upon the alleged existence of a partnership.. The case of Rice v. King (7 Johns. 20), cited in several cases down to Steinbach v. Relief Fire Ins. Co. (77 N. Y. 501), declares that “ What is meant by the same cause of action, is where the same evidence will support both the actions, although they happen to be grounded on different writs.” In fact, the testimony given in the present action was irrelevant in the first action, in a substantial sense. The court had to hear it, in the first place, but when in the end it appeared to have no tendency to support the case of a partnership, it then wras shown to be irrelevant. For instance, if the acts sworn to by plaintiff had been in a paper signed by the defendant, the court would have excluded it as not tending to show a partnership.
In substance, the defendant’s position is that the plaintiff might have, in the first instance, brought an action like the present, but that does not show that the present claim was ever adjudicated, or that it might have been, in a former action. It could not have been, except by an amendment of the complaint. An amendment to conform the pleadings to the proof would not have been proper, for the amendment would have introduced another cause of action. If asked for upon motion, it would at least have been within the discretion of the court to deny the application. But the plaintiff is not now to be held to an obligation to have made such an application, any more than the defendant was under obligation to disregard the form of the first ‘ action, and to have allowed plaintiff to take a judgment for an accounting. The defense on this ground must be overruled.
The objection to the finding of the referee, upon the main issue of fact, is based substantially upon the idea that the referee was confined to the testimony given by the plaintiff. In reality, the referee was bound to look also at the testimony for the defendant which supported the plaintiff’s claim in important respects.
Some objections were taken to the admission of certain books. The testimony shows that the defendant proved *195 all the matters that the books were intended to prove. In some cases, the contents were admissible against the defendant, because made by Ms agents. There was a certain presumption that he had seen them and recognized their correctness. In one instance, a witness testified to certain things in a book, as having occurred, when all he knew was that the book contained them, and the book was not itself verified. In this case, the defendant himself swore to the facts set out in the book.
In estimating the price to be asked for constructing a building, the defendant considered that by the proposed arrangement, he was to be paid in a second mortgage upon the lot and building, to the extent of $15,000. He inquired what the cash value of such a mortgage would be and was told, and it could be sold for not more than its face less ten per cent. He thereux^on added $1,500 to this estimate. In order to carry on the work, he procured money by selling certain securities that he had theretofore held for investment, which was made necessary, perhaps, because of what would otherwise be money jjayments made from time to time, being made in gross at the end in a second mortgage. He did not sell the mortgage, but kept it and was paid in full. He claimed a right to deduct from the XU'ofits the discount referred to. This was inadmissible, for whatever his expectation as to a possible loss in disXiosing of his security, he in fact received the whole and lost no part of the sum by which he increased Ms estimate. The terms of his contract with the plaintiff, justified his charging interest on the juoceeds of his securities, that he used in carrying out the contract.
He further claimed a right to charge certain sums he X>aid to architects for their favor in supervising work done by him. The plaintiff was not asked for a consent to this and gave none. As against him, it was not j>retended to be a charge usual in such business, even if the law could recognize it at any time.
He also claimed a credit for taking, in lieu of money due to him, two bonds which turned out to be worthless. *196 This was a voluntary act on his part, for his debtor was responsible and could have paid in money. This gratuity to another was not a business expense.
Judgment affirmed, with costs.