OLIVER, DEMANDANTE Y APELADA, *v.* JAYUYA DEVELOPMENT COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en procedimiento de traslado del pleito en causa sobre indemnización de daños y perjuicios.

No. 1545.—Resuelto en febrero 20, 1917.

TRASLADO DE PLEITOS—CORPORACIONES—ACCIONES PERSONALES.—Aun cuando por su naturaleza es personal una acción para recobrar indemnización de daños y perjuicios causados a una finca, fundados éstos en la ocupación de la misma para uso de peones y ganado que impiden su libre disfrute, pertenece a aquella clase de acciones para las cuales la Legislatura en su artículo 75 del Código de Enjuiciamiento Civil, ha fijado un lugar determinado (*situs*), esto es, el distrito en que radique el objeto o parte del mismo. En este caso se denegó el traslado del pleito al distrito donde alegó la demandada, que es una corporación doméstica, tener su oficina principal.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. José A.* y *Alberto S. Poventud.*

La apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Arecibo negó al demandado una moción sobre traslado de una causa y la apelación que se interpone es contra la orden que en tal sentido fué dictada.

La causa de acción en este pleito fueron los daños y perjuicios causados a la propiedad debido a los supuestos actos ilegales de la demandada. La moción de traslado se fundó únicamente en el hecho de que la demandada era una corporación con su oficina principal en Ponce. No fué impugnado el emplazamiento y puede suponerse que dicho emplazamiento, como indicó la corte de distrito en su opinión, se hizo y podía hacerse en el Distrito de Arecibo. Se alegó en la demanda que la demandada tenía una oficina y centro de operaciones en Jayuya donde también reside la demandante y radica además la finca perteneciente a la misma. La corte inferior expresó como fundamentos de su negativa a ordenar el traslado, que puesto que la demandada tenía oficina en Jayuya, la demandante tenía derecho a demandarla allí, de conformidad con el artículo 78 del Código de Enjuiciamiento Civil que prescribe que:

"La residencia legal de los comerciantes en todo lo que concierna a actos y contratos mercantiles, y sus consecuencias, será el pueblo donde tuvieren el centro de sus operaciones comerciales.

"Los que tuvieren establecimientos mercantiles a su cargo en diferentes distritos judiciales, podrán ser demandados por acciones personales en aquel en que tuvieren el principal establecimiento o en el que se hubieren obligado, a elección del demandante."

Convenimos con la corte inferior en que la obligación fué contraída en el Distrito de Arecibo y que la demandada tenía establecimiento en Juyaya como alega la demanda, pero no estamos satisfechos, según la consideración que hemos hecho de la demanda, de que la corporación es un comerciante dentro del sentido de la ley.

La corte, sin embargo, también fué de opinión de que esta acción estaba comprendida en el artículo 75 del Código de Enjuiciamiento Civil que prescribe que

"Deberán sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este código, los pleitos que se sigan por las causas siguientes:

" '1. Para recobrar la posesión de bienes raíces o de una propie-

dad o interés en la misma, o para determinar en cualquiera forma dicho derecho o interés, y por daños causados a propiedad inmueble.

"'2. * * *.

"'3. * * *,'"

En la demanda se alegan daños causados a la finca por la compañía demandada, por ocupar la misma para uso de los peones y del ganado, impidiendo a dicha demandante el libre disfrute de la finca. Sin pasar a considerar la suficiencia de las alegaciones de la demanda, de un examen de la referida demanda con ese fin, se verá que en ella se trata de obtener una indemnización por los daños causados a la finca. Ahora bien, aunque tal acción es por su naturaleza personal, como alega el apelante, pertenece a aquella clase de acciones personales para las cuales la Legislatura en su artículo 75 ha fijado un lugar determinado (*situs*).

Debe confirmarse la sentencia.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.