GABRIEL CAPÓ CINTRÓN, ET ALS., demandantes y apelados, *v.* A. HARTMAN & Co., ET ALS., demandados y apelantes.

No. 5325.—*Sometido:* Enero 21, 1931. *Resuelto:* Febrero 17, 1931.

---

* NOTA: Véase el prefacio.

*Tous Soto & Zapater, Carlos J. Torres,* abogados de los apelantes; *José A. Poventud, Alberto S. Poventud, F. Parra Capó y E. Capó Cintrón,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-tribunal.

En la Corte de Distrito de Ponce fué presentada una demanda titulada reclamación de frutos y productos de fincas rústicas en la que los demandantes alegan ser los herederos de doña Rosario Cintrón Sánchez vda. de Capó; que dicha señora fué dueña hasta su muerte de las dos fincas rústicas que describen, radicadas en Guayama, las que hasta cierta fecha estuvieron poseídas ilegalmente por los demandados; que por sentencia firme ha sido declarada la propiedad de dichas fincas a favor de la madre de los demandantes y que durante el tiempo que esos predios han estado poseídos por los de-

mandados han producido frutos cuyo valor se reclama, fijado en determinada cantidad de dinero, solicitándose condena de pago mancomunado y solidario contra todos los demandados.

Algunos de los demandados solicitaron que el pleito fuese trasladado a la Corte de Distrito de San Juan por tener en ella su residencia y tratarse de una acción personal. Así lo decretó la Corte de Distrito de Ponce en 21 de marzo de 1930, pero a instancia de los demandantes reconsideró esa resolución y dispuso en 29 de marzo de 1930 que la traslación se hiciera a la Corte de Distrito de Guayama, fundándose en los artículo 75 y 79 del Código de Enjuiciamiento Civil, en nuestra sentencia en el caso de *Oliver* v. *Jayuya Development Co.*, 24 D.P.R. 834, y en el de *Ellenwood* v. *Marietta Chair Co.*, 39 L. Ed. U. S. 913, (158 U. S. 105). Contra esta resolución han apelado los expresados demandados alegando que la Corte de Distrito de Ponce cometió error al ordenar el traslado a Guayama sin haber sido solicitado ese remedio por ninguno de los demandados; y que también erró al trasladarlo a Guayama en lugar de a la Corte de Distrito de San Juan para donde fué solicitado por los apelantes.

Al contestar la parte apelada el alegato de los apelantes dice que la apelación debe ser desestimada porque la transcripción de autos que para ella se nos ha presentado no está certificada por el Secretario de la Corte de Distrito de Ponce sino por el de Guayama, y porque no contiene la resolución registrada que motiva la apelación.

█ █ La apelación contra la orden disponiendo la traslación del pleito a otro distrito no suspendió sus efectos de acuerdo con el artículo 298 del Código de Enjuiciamiento Civil, por lo que estando los autos en la Corte de Distrito de Guayama por virtud de la expresada resolución cuando la transcripción fué certificada por el secretario de esa corte, a él correspondía firmar la certificación de la transcripción por ser entonces la corte del juicio la del distrito de Guayama. Declarar lo contrario sería destruir el derecho de apelación

que concede la ley, pues tampoco podría certificar el secretario de la Corte de Distrito de Ponce la transcripción por no estar en ella dichos autos. La cita que hacen los apelados del caso de *Rodríguez* v. *Rodríguez,* 32 D.P.R. 673, no es de aplicación al presente, porque aun cuando en él se dijo que la certificación no fué firmada por el secretario de la corte que decretó la traslación sino por el de la corte a donde fué trasladado, sin embargo, no fué por ése motivo por el que la apelación en ese caso fué desestimada, sino porque la apelación no fué notificada al secretario de la corte en que fué dictada o registrada la resolución apelada, como requiere el artículo 296 del Código de Enjuiciamiento Civil.

El otro motivo alegado para la desestimación tampoco es sostenible, porque no tratándose de apelación contra sentencia, en cuyo caso debe ser registrada en el libro que para ello dispone el artículo 231 del Código de Enjuiciamiento Civil e incluirse en la transcripción la sentencia registrada, sino de una resolución, no es necesario tal registro para ésta, pues el artículo 295, No. 3, del mismo texto legal permite la apelación dentro de cierto tiempo de anotada en el libro de actas de la corte o de archivada en la secretaría; apareciendo de los autos que la resolución apelada fué registrada en la secretaría de la Corte de Distrito de Ponce pues su secretario la notificó a los abogados de las partes.

Pasemos ahora a resolver los motivos del recurso.

Si bien el artículo 104 del Código de Enjuiciamiento Civil dispone en su No. 2 que el demandante podrá acumular varias acciones en reclamaciones para recobrar determinada propiedad inmueble con o sin resarcimiento por perjuicios por retención de la misma, o por daños causados a ella y por sus rentas y utilidades y que hemos declarado que la reclamación de frutos de una finca detentada o ilegalmente poseída por un demandado puede ser acumulada a una acción reivindicatoria de la finca, sin embargo, ese precepto y doctrina no tienen aplicación al caso presente en que no se trata de un

pleito de reivindicación sino de una acción independiente en. cobro de los frutos producidos por las fincas cuya propiedad y reivindicación se alega haber sido declarada en otro pleito· anterior terminado por sentencia. Tampoco el artículo 285· del mismo código, citado igualmente por los apelados, tiene· relación a este caso, porque se refiere a que cuando se pidieren daños y perjuicios por la retención de una propiedad rei-- vindicada en la que se hubiesen hecho mejoras permanentes por el demandado bajo pretexto de título contrario al del demandante, el valor de tales mejoras puede ser concedido como· una compensación de los expresados perjuicios.

La cuestión en el presente caso es si el distrito propio· para conocer del mismo es la Corte de Distrito de Guayama porque en ella radican los bienes cuyos frutos se reclaman, siendo para ello necesario determinar si se ejercita una acción personal o real, y si a pesar de ser *in personam* tiene, sin embargo, un *situs* fijado por la ley para ser juzgada.

El artículo 75 del Código de Enjuiciamiento Civil, en lo· necesario ahora, dice así:

"Art. 75.—Deberán substanciarse en el distrito en que radique· el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto· en este Código, los pleitos que se sigan por las causas siguientes:

"1. Para recobrar la posesión de bienes raíces o de una propiedad . o interés en la misma, o para determinar en cualquiera forma dicho· derecho o interés, y por daños causados a propiedad inmueble.

"2. *      *      *      *      *      *      *

"3. *      *      *      *      *      *      *

No se trata de recobrar por la demanda en este caso la: posesión de bienes raíces o de propiedad o interés en alguna: propiedad ni de determinar en cualquiera forma dicho derecho o interés, pues el objeto es reclamar los frutos que han producido las dos fincas durante cierto tiempo en que siendo· propiedad de la causante de los demandantes han estado poseídas por los demandados. Tampoco se trata por ella de obtener el pago de los daños causados por los demandados a:

propiedad inmueble, ya que no contiene alegación alguna en tal sentido, pues el haber dejado los demandantes de percibir el producto de esas fincas podrán ser daños causados a ellos mas no daños a la propiedad inmueble, como requiere el artículo 75 citado, por lo que no está comprendida en él la presente acción al objeto de que debe ser ejercitada en el distrito de Guayama donde están radicadas las fincas. El caso de *Oliver* v. *Jayuya Development Company,* 24 D.P.R. 834, no tiene relación con el presente, porque en él se alegaron daños causados a la finca por ocuparla el demandado para uso de los peones y del ganado.

Es igualmente inaplicable el artículo 79 del mismo código según quedó enmendado en 1928, porque si bien dispone que los pleitos para obtener daños y perjuicios de acuerdo con el artículo 1803 del Código Civil deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, en este caso no se ejercita la acción a que se refiere esa cita del Código Civil concedida contra la persona que por acción u omisión cause daños a otro interviniendo culpa o negligencia, sino la reconocida por los artículos 361, 365 y 1062 del Código Civil, preceptivos de que los frutos naturales, los civiles y los industriales pertenecen al propietario; que no pertenecen al simple poseedor y deben ser devueltos junto con la cosa al propietario de la misma que la reclama, a menos que la posesión hubiese sido tenida de buena fe; y que el acreedor tiene derecho a los frutos de la cosa desde que nace la obligación de entregarla.

En resumen, se trata en este litigio del ejercicio de una acción personal que se ejercita con independencia del pleito reivindicatorio fallado, que no tiene determinado por el código de procedimientos como *situs* el lugar donde radican las fincas, por lo que fué impropiamente trasladado a Guayama.

En vista de la conclusión a que llegamos no es necesario considerar el segundo motivo del recurso, como reconocen los apelantes.

*Por lo expuesto la resolución de 29 de marzo de 1930 reconsiderando la anterior de 21 de marzo del mismo año debe ser revocada.*