CRUZ ENCARNACIÓN, demandante y apelante, *v.* ANDRÉS MAESO, demandado y apelado.

No. 6542.—*Sometido:* Marzo 26, 1935. *Resuelto:* Mayo 10, 1935.

*Martínez Nadal & Navarro Ortiz,* abogados del apelante; *E. H. F. Dottin,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Sostiene el demandante que le asisten dos causas de acción. Para basar la primera alegó substancialmente en su demanda que en septiembre de 1928 inició en la Corte Municipal de Carolina otro pleito contra el demandado Maeso sobre rescisión de un contrato de permuta de un potro por un caballo, pleito que se vió definitivamente en apelación ante la Corte de Distrito de San Juan, fallándose en favor del demandante a quien finalmente, en abril de 1932, se le entregó su potro por el márshal; que el demandado se estuvo beneficiando del potro por cuarenta y tres meses, por virtud de lo cual le debe $1,075, calculado el valor del uso del potro a razón de $25 mensuales, cantidad que se ha negado a pagarle a pesar de habérsela cobrado en repetidas ocasiones.

Y para basar la segunda, reproduce las alegaciones de la primera y alega además substancialmente que la actuación del demandado al retener sin derecho el potro por cuarenta y tres meses le causó "serios daños y perjuicios materiales y punitivos" que estima razonablemente en $1,250.

Pide sentencia por ambas sumas con más las costas, gastos, desembolsos y honorarios de abogado.

Emplazado el demandado, excepcionó la demanda. Oídas las partes, la corte dictó sentencia en los siguientes términos:

"En este caso se ha interpuesto por el demandado la excepción previa de insuficiencia de hechos en las dos acciones alegadas en la demanda. También se ha interpuesto la excepción previa de ambigüedad.

"Aparece de la demanda que el demandante obtuvo una sentencia contra el demandado en una acción para recobrar un caballo. Ahora después de terminada definitivamente aquella acción, presenta la demanda de este nuevo pleito reclamando daños y perjuicios al demandado, por el tiempo que le privó de la posesión y disfrute del caballo. Claramente aparece que las causas de acción que ahora se ejercitan son subsidiarias de las anteriormente ejercitadas y pudieron haberse alegado en la demanda del pleito anterior o por medio

de demanda suplementaria.   Véase Código de Enjuiciamiento Civil, Art. 104, inciso 3.

"No habiendo ejercitado estas causas de acción en el pleito principal, las mismas se entienden renunciadas y por consiguiente procede declarar con lugar la excepción previa de insuficiencia de hechos en cuanto a las dos causas de acción y toda vez que la demanda no es susceptible de enmienda, se dicta sentencia declarando sin lugar la demanda sin especial condenación de costas."

No conforme el demandante apeló para ante esta Corte Suprema.   Señala como único error el que sigue:

"La Corte de Distrito de San Juan cometió error al declarar con lugar la excepción previa de falta de hechos fundados en que la presente demanda es subsidiaria de la primitiva y que por lo tanto debieron acumularse ambas demandas al iniciarse el pleito original en la Corte Municipal de Carolina."

██ Argumentándolo sostiene, con razón a nuestro juicio, que disponiendo como dispone la ley citada por el juez sentenciador que: "El demandante podrá acumular varias acciones en una misma demanda, cuando se deriven de . . . . 3. Reclamaciones para recobrar determinados bienes muebles, con o sin resarcimiento de perjuicios por retención de los mismos"—Artículo 104, No. 3, del Código de Enjuiciamiento Civil—la acumulación no es obligatoria sino potestativa para el demandante.   Véase a tal efecto la nota al caso de *Skoglund* v. *Minneapolis Street R. Co.* en 11 L.R.A. 222.

Pero si bien la cita de la ley que hace y la forma de expresar su pensamiento parecen indicar que la corte quiso decir que por el hecho de no haberse acumulado causas de acción que pudieron acumularse, no pueden ejercitarse luego las no acumuladas, es lo cierto que lo que en verdad dijo la corte fué que una sola acción no puede fraccionarse y ejercitarse en dos distintos litigios.   Y a ese respecto véase como se manifiesta la jurisprudencia, tal como se resume en 1 R.C.L. 341:

"No hay principio de derecho alguno que prohiba a una persona que tiene una reclamación contra otra que acepte parte de la deuda

por la totalidad de la misma y en su consecuencia que sostenga un pleito tan sólo por parte de la reclamación. Pero la regla plenamente establecida es que en ausencia de pacto en contrario el acreedor no puede dividir su reclamación y hacerla objeto de varios pleitos. Por tanto, si demanda tan sólo en solicitud de parte de su reclamación, la sentencia obtenida por él en dicho pleito impide un segundo procedimiento por el saldo de la deuda, no importa que sea mucho o poco, irrespectivamente de la cuestión de si la segunda causa de acción era o no idéntica a la primera. La regla de derecho que prohibe que se divida una sola causa de acción en distintas causas de acción se basa en la justicia más clara y substancial, es decir, que los litigios deben tener su fin y que ninguna persona debe ser molestada con un sinnúmero de procedimientos. Todo litigante tiene derecho a que su causa sea tan sólo sometida una vez a la determinación de las cortes y cuando ésta es resuelta la paz de la sociedad exige que se le deje tranquilo para siempre. Es un principio en que descansa la tranquilidad del pueblo. Este principio comprende no sólo lo que en realidad se resolvió sino también todas aquellas cuestiones que las partes pudieron haber litigado en el caso.''

Siendo como es esto así, la cuestión a estudiar y a resolver consiste en determinar si la acción sobre rescisión del contrato de permuta anteriormente ejercitada y éstas que se ejercitan ahora reclamando el valor del uso de los animales permutados y los daños ocasionados por su retención ilegal, constituyen una sola reclamación que se pretende dividir en dos o en realidad de verdad pueden considerarse como distintas causas de acción.

Nada aporta la parte apelante en su alegato para la resolución del problema. La parte apelada dice en el suyo:

''Entendemos que siendo consecuencia natural y lógica del contrato de permuta la retención del potro hasta que se resolviera el pleito sobre rescisión del contrato, debió resolverse en ese pleito, si acaso no se resolvió, hasta qué punto estaba autorizado el demandante apelante para recobrar daños y perjuicios, y si no se resolvió entonces no existe causa de acción para determinarlo ahora, porque el tratar de resolver la cuestión necesariamente habría de obligar la revisión del pleito sobre rescisión del contrato a fin de determinar si realmente debe ser o no resarcido por los daños que pudiera haber sufrido en dicho pleito el demandante apelante.''

La jurisprudencia que establece el principio de que una sola causa de acción no puede fraccionarse en varias que den origen a diferentes pleitos, es unánime, pero para determinar la pauta a seguir para decidir en casos que estén en la línea cuándo se trata de una sola o de varias causas de acción, no hay una regla uniforme.

En el caso de *Harrison* v. *Remington Paper Co.*, 140 Fed. 385, se dijo: ''La prueba de identidad de causas de acción es la de la identidad de los hechos esenciales para su sostenimiento'', y en el de *Beach* v. *Crain*, 49 Am. Dec. 369, 372, ''Para que constituya un impedimento efectivo la causa de acción en el pleito anterior debe ser idéntica a la del litigio. Si la misma prueba sostiene ambos casos entonces será considerada como la misma causa de acción, a pesar de que se base en diferentes recursos. *Rice* v. *King*, 7 Johns. 20 (N. Y.). Pero la prueba en ambos recursos puede ser en parte la misma; sin embargo, la materia objeto del litigio puede ser esencialmente distinta y en tal caso no existe impedimento alguno.''

Examinemos las circunstancias de este caso a la luz de las reglas que anteceden.

La acción ejercitada en el primer pleito fué la rescisoria del contrato de permuta del potro por el caballo. Se declaró con lugar y el potro se devolvió al demandante. Y ahora, en este nuevo pleito, el propio demandante reclama el valor del uso del potro mientras lo tuvo en su poder el demandado y el de los daños y perjuicios por su retención ilegal.

El potro fué a poder del demandado a virtud del contrato de permuta y volvió a poder del demandante al ejecutarse la sentencia que declaró el contrato rescindido. No conocemos las causas alegadas para pedir la rescisión, pero es a virtud de ellas que podría llegarse a la conclusión de que la posesión del potro no correspondía al demandado y que éste lo estuvo reteniendo en su poder y usándolo sin derecho.

La rescisión es una acción subsidiaria que de acuerdo con

la ley no puede ejercitarse sino cuando el perjudicado carece de todo otro recurso legal para obtener la reparación y que obliga a la devolución de las cosas que fueren objeto del contrato con sus frutos y del precio con sus intereses, pudiendo reclamarse la indemnización de perjuicios al causante de la lesión cuando la cosa ha pasado legalmente a poder de otra persona. Artículos 1246 y 1247 del Código Civil, Ed. 1930.

Siendo ello así, no tenemos duda de que en el pleito de rescisión pudieron ejercitarse las acciones que en éste se establecen, pero no estamos en verdad convencidos de que todas constituyan una integridad de tal modo que no puedan fraccionarse, especialmente después de haber resuelto en el caso de *Capó* v. *Hartman & Co.*, 41 D.P.R. 854, lo que sigue:

"Una acción independiente en cobro de frutos producidos por fincas cuya propiedad y reivindicación se alega fué declarada por sentencia en otro pleito anterior, siendo una personal que no tiene determinado *situs* por el Código Procesal Civil, no debe ser trasladada a la corte del distrito en que radican las fincas cuyos frutos se reclaman."

Hemos examinado un buen número de los casos que se citan en las notas al texto de Corpus Juris sobre la materia y no hemos encontrado ninguno igual al presente. Véase 1 C. J. 1106 a 1121. Bajo tales circunstancias, no tratándose de un caso claro, es preferible dejar que continúe antes que cometer alguna posible injusticia al desestimarlo de plano.

Si el demandante no tiene razón; si su prueba no sostiene sus pretensiones; si de hecho reclamó antes lo que ahora reclama o se le concedió todo lo que podía concedérsele, son cuestiones que la corte podrá resolver mejor después de la contestación y el juicio que en el estado actual del procedimiento.

*En su consecuencia debe declararse el recurso con lugar y revocarse la sentencia recurrida, devolviéndose el pleito a la corte de distrito de su origen para que continúe conociendo del mismo y lo decida finalmente de acuerdo con los hechos y la ley.*