PEDRO PÉREZ PIMENTEL ET AL, Plaintiffs and Appellants, *v.* DOLORES CASTRO, Defendant and Appellee.

No. 7455.   Argued June 23, 1937.—Decided November 15, 1937.

264

*Burset & Pérez Pimentel* and *Dubón & Ochoteco* for appellants.
*González Fagundo & González, Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a case of unlawful detainer decided against the plaintiffs.

In their complaint they alleged that they were joint owners of two urban properties which they described, the first plaintiff having acquired a one-half undivided interest in each property by purchase from the heirs of Juana Díaz Cruz by a public deed executed on June 11, 1935, and the second plaintiff having acquired the remaining one-half undivided interest by adjudication in her favor made by the marshal of the district court in payment of a mortgage credit which she had on said joint ownerships.

Alleging also that the defendant Dolores Castro, without title or right, was in possession of said properties without paying any rent and against the will of their owners, the plaintiffs asked the court to render judgment ordering the defendant to vacate the properties in question, with costs.

In her answer the defendant alleged that the complaint did not state a cause of action, she denied that María Mendoza was the owner of the properties and mentioned the existence of another suit pending between Pérez Pimentel and the defendant which was an obstacle to this suit. She also alleged that her legitimate children Luis Gilberto and Virginia Peña were the owners of an undivided one-half of

the properties which the defendant occupied with their consent, and that her said children had filed a suit against María Mendoza to obtain a declaration of the non existence of a mortgage. She ended by denying that she occuped the two properties at sufferance.

After the proper proceedings were had, evidence was offered, which has been sent up to this Court in a statement of the case, as follows:

''The plaintiffs then went on to offer their evidence and presented, in the first place, a certified copy of deed number 14, executed at Vieques before the notary Angel Rodríguez Escobar, on June 11, 1935. By this deed Mrs. Julia Díaz Cruz, Flor Cruz, Aureo Díaz Morales, Mercedes Díaz Osking, César Díaz Osking, José Díaz Osking, María Oralia Díaz Benítez, and Santiago Díaz Pérez assigned and transferred to Pedro Pérez Pimentel, the plaintiff., all their rights and interest on the two real properties described in the complaint, that is, an undivided joint ownership. of one half of each of said properties. This deed was admitted by the court without objection and the same is attached to the record of case number 19,074.

''The plaintiffs also offered in evidence a certified copy of deed number 28, executed in Humacao before the notary Félix Ochoteco, Jr., by Mr. Augusto Veve, in his capacity of marshal of the District Court of Humacao, in favor of María Mendoza. By virtue of this deed María Mendoza acquired at a public sale the other joint ownership of one half of each of the two properties object of this suit. The court admitted it without objection.

''Finally the plaintiffs offered the testimony of Pedro Pérez Pimentel. This witness, after being sworn, testified as follows:

''That his name is Pedro Pérez Pimentel and he lives in Humacao; that he knows María Mendoza and Dolores Castro; that the witness and María Mendoza are owners in ending the two properties described in the complaint in this case; that the witness is the owner of one half of each of the properties and María Mendoza is the owner of the other half. That the defendant Dolores Castro is occupying at present said properties and has been occupying them since the latter part of last year. That the defendant took possession of said properties last year when they were vacated by the person who had them leased, and as a result an action was brought. That neither the witness nor María Mendoza has entered into a contract of lease with the defendant and that they have not given per-

mission to said defendant to occupy the house, which she is doing against the will of the plaintiffs. That the witness has asked the defendant to vacate the property and she has refused to do so claiming to be the owner of the property.

"On cross examination by the defendant he answered: That he believes that the defendant had taken possession of the house on or about the month of October, 1935; that by said date the public sale of the house had not taken place and that at that time the owners of the properties according to the documents, were the witness and the sons of the defendant.

"To questions by the court the witness answered that the sons of the defendant are minors and that he believes that the defendant has *patria potestas* over said children.

"With this witness the plaintiffs closed their evidence.

"Immediately thereafter the defendant presented in evidence the record of case number 19,074 brought in the District Court of Humacao by Pedro Pérez Pimentel against Dolores Castro, which was an injunction suit to recover possession.. In that suit the plaintiff Pedro Pérez Pimentel filed a complaint in the District Court of Humacao alleging that he had been in actual and material possession of the two properties, which are also the object of this suit, for more than a year prior to the filing of said complaint and that he was deprived of said possession by Dolores Castro, requesting therefor that the court protect and restore him in said possession. This case is pending before the Supreme Court of Puerto Rico because the defendant took an appeal from the judgment of the district court sustaining the complaint.

"The plaintiffs objected to the admission in evidence of said record of case number 19,074, claiming that said evidence was immaterial and impertinent because the parties to said suit are not the same of the present and because the causes of action are different in both cases.

"The defendant argued against the objection maintaining that the causes of action were the same because the result of both suits would be the same, that is, that Dolores Castro restore the possession to Pedro Pérez Pimentel and also claiming that the parties in both cases were the same because in the injunction suit to recover possession they were Pedro Pérez Pimentel against Dolores Castro and in the case of unlawful detainer, Pedro Pérez Pimentel and María Mendoza against Dolores Castro.

"After a discussion of the question the following incident occurred:

"Judge: 'As the question is one which can not be decided immediately, in order not to postpone the trial, the court thinks that the best it can do, and which is less prejudicial to both parties, is to admit the evidence now, and it admits it without prejudice to deciding whatever be proper if it should later find that there is *res adjudicata.*'

"Defendant: 'If the decision be against me an exception, and if against my distinguished colleague, another exception.'

"Judge: 'The exception is noted from this moment.'

"The defendant then offered in evidence the record of case number 19,002, brought in the District Court of Humacao by Virginia and Luis Gilberto Peña Castro against María Mendoza, to obtain a declaration of the non existence and nullity of a mortgage. The complaint in said case was recorded in the Registry of Property and by the same the nullity and declaration of the nonexistence of the mortgage which caused the foreclosure proceeding which terminated with the public sale of the joint ownerships in favor of María Mendoza over the properties belonging to Virginia and Luis Gilberto Peña Castro was sought.

"The plaintiffs objected to said evidence on the ground that the same was immaterial and impertinent as it only tended to prove that there was an action pending, brought by the children of the defendant against María Mendoza to obtain a declaration of the nullity and nonexistence of her mortgage but until said suit be decided against María Mendoza her title was good, and that the existence of said suit did not create the defense of a conflict of titles.

"The court rendered the following decision in connection with this question:

" 'In view of this situation, it is proper to admit the evidence, without prejudice to a study and decision of the question raised by the parties, with the understanding that an exception will be automatically noted to the party aggrieved by the decision.'

"As the final evidence the defendant presented the testimony of Dolores Castro. This witness testified under oath as follows:

"That her name is Dolores Castro and she is the defendant in this case; that she has two children named Virginia and Luis Gilberto Peña Castro and that she occupies with their consent the house object of the suit of unlawful detainer.

"The court asked this witness whether her children also lived in the house and she answered that one of them went there, which is the one who is here in Puerto Rico, he comes for a while and goes because he is working at Trujillo, that said son is a minor.

"The plaintiffs cross examined this witness whether she paid anything for the use of the house but she did not answer because her lawyer admitted that she did not pay anything."

The judgment appealed from, which dismissed the complaint, was based on an opinion in which the district judge stated that the complaint was sufficient, that there was another action pending brought by Pérez Pimentel which was a bar to the present, and that although the suit seeking the declaration of the nonexistence of the mortgage brought by the children of the defendant against María Mendoza did not prevent the latter from prosecuting the action of unlawful detainer, it was a fact that as she asked that all of the properties be vacated and the other plaintiff was estopped to act by reason of the pending suit, she could not take any action either, according to the rules which govern joint ownerships of property.

The plaintiffs felt aggrieved and took an appeal. They made three assignments of error in their brief.

█ By the first assignment they claim that the court erred in admitting the record of the other suit brought by Pérez Pimentel against the defendant and in deciding that said suit is a bar to the present suit.

We agree entirely with the appellants in that as the other suit was for an injunction to recover possession it is an action of a different nature which does not constitute a bar to the prosecution of the action of unlawful detainer.

Section 105 of the Code of Civil Procedure (Ed. of 1933):

"The defendant may demur to the complaint within the time required in the summons to answer, when it appears on the face thereof, either:

". . . . . . . . . .

"3.—That there is another action pending between the same parties for the same cause."

This Supreme Court in the case of *Encarnación* v. *Maeso,* 48 P.R.R. 468, 471, said as follows:

"The cases which lay down the principle that a single cause of action cannot be split into several actions giving rise to different suits, are unanimous, but there is no uniform rule for determining the course to be followed in deciding cases which are on the border of whether a single cause of action or several causes of action are involved.

"In the case of *Harrison* v. *Remington Paper Co.*, 140 Fed. 385, it was said: 'The test of the identity of causes of action is the identity of the facts essential to their maintenance,' and in *Beach* v. *Crain*, 49 Am. Dec. 369, 372, 'To constitute an effectual bar, the cause of action in the former suit should be identical with that of the present. It is the same cause of action when the same evidence will support both the actions, although they happen to be grounded on different writs: Rice v. King, 7 Johns. 20. But the evidence in both actions may be in part the same; yet the subject-matter essentially different, and in such case there is no bar.' "

In vol. 1, page 66, sec. 83 of Corpus Juris, it is said:

"Four leading tests have judicial sanction in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action: (1) 'Clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second.' In other words, if a final judgment in the former suit would support a plea of res adjudicata in the subsequent suit, the suits are identical for this purpose; otherwise they are not. (2) Many cases apply the following test: Was full and adequate relief obtainable in the prior action? If so the second action was improperly brought and is abatable; if not, the objection will be overruled. This as we shall see, is a generally recognized rule. (3) A test having the support of some of the cases is this: Will the same evidence support both actions? (4) A fourth test supported by English and Canadian authorities is: Could the bill in the second suit have been produced by a fair amendment of the first?"

In an injunction to recover possession only the actual possession is claimed. The question of title or right to the property is not involved. The judgment deciding it can not be cited as *res judicata* of the right to the possession by virtue of title. In a suit of unlawful detainer it is asked

that the defendant vacate the property not because the plaintiff had been in actual possession the year preceding the filing of the complaint, but because he is entitled to it as owner or usufructuary of the same. Although both actions are related they are not so for the same reason. The error was committed.

■ By the second assignment it is claimed that the court erred in admitting in evidence the record of the suit to obtain the declaration of the nonexistence of the mortgage and in using said record as a basis that the defense of a conflict of titles was good, and by the third and last assignment that the judgment appealed from is contrary to the evidence and the law.

In its opinion the lower stated, besides what we have indicated, the following:

" . . . . in the answer to the complaint for an injunction to recover possession, which was decided against the defendant and which is now pending on appeal in the Supreme Court, the latter alleged, as she did in her answer to this complaint, that a joint ownership of an undivided one-half interest of said properties belonged to her two legitimate children, with whose consent she occupied the properties. Until this allegation of title is not definitely and finally established, certainty and legal validity cannot be determined, especially in this summary proceeding. This being so, until the defendant is definitely defeated in said allegation, we must admit that in this proceedings the plaintiff María Mendoza, can not dispute the fact, and that, while this is so, the defendant is protected in her possession by the title which she invokes in favor of her children, as the joint owners whom she represents in the use of the properties in litigation."

Said conclusions of the court have given rise to the second part of the second assignment of error.

In our judgment the record of the action to set aside the mortgage in question was admissible, but the court erred in giving to mere allegations the scope it gave them as appears from that part of its opinion which we have transcribed.

The trial judge himself had just stated in his opinion as follows:

"Judicial attack of the title of the coplaintiff María Mendoza. There is such an attack; but its existence would not prevent the plaintiff from acting as she has done in this case. (*León* v. *Alvarado*, 24 P.R.R. 654, and later cases to this effect.)"

In accordance with the repeated jurisprudence of this Supreme Court in order to conclude that there is a conflict of title in an action of unlawful detainer the mere allegation of title by the defendant is not sufficient, but it is necessary that he present at least some evidence of the same.

In this specific case we have transcribed the statement of the case which contains the evidence offered by both parties and it does not appear from it that the defendant offered any evidence as to her right to possession. Something more than her mere allegations in the cases to obtain the declaration of the non existence of the mortgage and injunction to recover possession was necessary. The title of the codefendant Mendoza is derived from that which the sons of the defendant had. The deed of judicial sale was admitted without objection. And under these circumstances it is impossible to conclude that a conflict of titles was presented in the case which the court could not decide within the prosecution of the summary proceeding of unlawful detainer.

In virtue thereof, no other conclusion can be reached than to sustain the appeal and in consequence thereof to decree the dispossession sought.

Mr. Justice Córdova Dávila took no part in the decision of this case.