Pedro Pérez Pimentel y María Mendoza, demandantes y apelantes, *v.* Dolores Castro, demandada y apelada.

Núm. 7455.—*Sometido:* Junio 23, 1937. *Resuelto:* Noviembre 15, 1937.

*Burset & Pérez Pimentel* y *Dubón & Ochoteco,* abogados de los ape-
lantes; *González Fagundo & González, Jr.,* abogados de la ape-
lada.

El Juez Presidente Señor Del Toro emitió la opinión del
tribunal.

Se trata de un caso de desahucio decidido en contra de los
demandantes.

Alegaron éstos en su demanda que eran dueños en común
pro indiviso de dos fincas urbanas que describen, habiendo el
primero adquirido un condominio de una mitad sobre cada
una por compra a la Sucesión de Juana Díaz Cruz hecha cons-
tar en escritura pública otorgada en junio 11, 1935, y la se-
gunda el condominio de la otra mitad de cada una por adju-
dicación que le hiciera el márshal de la corte de distrito en
pago de un crédito hipotecario que tenía sobre dichos con-
dominios.

Y alegando además que la demandada Dolores Castro,
sin título o derecho, estaba poseyendo las indicadas fincas
sin pagar canon o merced y contra la voluntad de sus dueños,
pidieron a la corte que dictara sentencia decretando el des-
alojo de la demandada de las fincas en cuestión, con costas.

En su contestación la demandada alegó que la demanda
no aducía causa de acción, negó que María Mendoza fuera
dueña de las fincas e invocó la existencia de cierto pleito pen-
diente entre Pérez Pimentel y la demandada que le impedía
demandar en éste. Alegó además que sus hijos legítimos
Luis Gilberto y Virginia Peña eran dueños de una mitad pro
indivisa de las fincas que la demandada ocupa por su autori-
zación. También que sus dichos hijos han radicado un pleito
contra María Mendoza sobre inexistencia de hipoteca. Ter-
minó negando que disfrute en precario las dos fincas.

Seguidos los trámites de ley se practicó la prueba que se ha elevado a esta corte incluída en una exposición del caso como sigue:

"Los demandantes entonces procedieron a presentar su prueba y ofrecieron, en primer término, una copia certificada de la escritura número 14, otorgada en Vieques ante el notario Ángel Rodríguez Escobar, el día 11 de junio de 1935. Por esta escritura doña Julia Díaz Cruz, don Flor Cruz, don Áureo Díaz Morales, doña Mercedes Díaz Osking, don César Díaz Osking, don José Díaz Osking, doña María Oralia Díaz Benítez y don Santiago Díaz Pérez cedieron y traspasaron a favor del demandante Pedro Pérez Pimentel cuantos derechos y acciones les correspondían en los dos inmuebles descritos en la demanda, esto es, un condominio de una mitad pro indivisa en cada uno de dichos inmuebles. Esta escritura fué admitida por la corte sin oposición y la misma aparece unida a los autos del caso número 19,074.

"Los demandantes presentaron también en evidencia, una copia certificada de la escritura núm. 28, otorgada en Humacao ante el notario Félix Ochoteco, Jr., por don Augusto Veve, en su carácter de márshal de la Corte de Distrito de Humacao, a favor de doña María Mendoza. En virtud de esta escritura doña María Mendoza adquiere en subasta pública el otro condominio de una mitad en cada una de las dos fincas objeto de este litigio. La corte la admitió sin oposición.

"Finalmente presentaron los demandantes el testimonio de Pedro Pérez Pimentel. Este testigo, después de prestar juramento, declaró como sigue:

"Que su nombre es Pedro Pérez Pimentel y vive en Humacao; que conoce a doña María Mendoza y a doña Dolores Castro; que el testigo y doña María Mendoza son dueños en común pro indiviso de las dos fincas descritas en la demanda de este caso; que el testigo es dueño de un condominio de una mitad sobre cada una de las fincas y doña María Mendoza es dueña del otro condominio de una mitad. Que la demandada Dolores Castro está ocupando en la actualidad las referidas fincas y que las ocupa desde fines del año pasado. Que la demandada ocupó esas propiedades el año pasado cuando fueron desocupadas por la persona que las tenía arrendadas, y con motivo de eso hubo un procedimiento. Que ni el testigo ni doña María Mendoza han celebrado contrato de arrendamiento con la demandada y que tampoco dieron permiso a dicha demandada para ocupar la casa, cosa que hace en contra de la voluntad de los demandantes. Que el

testigo ha requerido a la demandada para que desaloje la finca y ella se ha negado alegando que es dueña de la propiedad.

"Repreguntado por la demandada contestó: Que le parecía que la demandada había ocupado esa casa allá para el mes de octubre de 1935; que para esa fecha no estaba hecha la subasta de la casa y que entonces los dueños de las fincas, según los documentos, eran el testigo y los hijos de la demandada.

"A preguntas de la corte contestó este testigo que los hijos de la demandada son menores de edad y que tiene entendido que la demandada tiene la patria potestad sobre los referidos hijos.

"Con este testigo terminó la prueba de los demandantes.

"Acto seguido la demandada presentó en evidencia los autos del caso núm. 19,074, seguido ante la Corte de Distrito de Humacao por Pedro Pérez Pimentel contra Dolores Castro, sobre *injunction* posesorio. En ese pleito el demandante, Pedro Pérez Pimentel, presentó ante la Corte de Distrito de Humacao, demanda alegando que había estado en la posesión real y material de las dos fincas, que son también objeto del presente caso, durante más de un año, con anterioridad a la presentación de dicha demanda y que fué despojado de esa posesión por Dolores Castro, solicitando en su consecuencia que la corte le amparara y restituyera en la referida posesión. Este caso está pendiente ante la Corte Suprema de Puerto Rico porque la demandada apeló de la sentencia dictada por la corte de distrito declarando con lugar la demanda.

"Los demandantes se opusieron a que se admitieran como prueba los referidos autos del caso número 19,074, alegando que tal prueba era inmaterial e impertinente porque las partes en aquel caso no son las mismas que las del presente y porque no existía una identidad de causas de acción en ambos casos.

"La demandada argumentó en contra de la oposición sosteniendo que existía la identidad de causa de acción porque el resultado de ambos pleitos sería el mismo, es decir, que doña Dolores Castro restituya en la posesión a Pedro Pérez Pimentel, y sosteniendo además, que las partes en ambos casos eran las mismas porque en el *injunction* posesorio eran Pedro Pérez Pimentel contra Dolores Castro y en el desahucio eran Pedro Pérez Pimentel y María Mendoza contra Dolores Castro.

"Después de discutida la cuestión ocurrió lo que sigue:

"Juez: 'Como se trata de una cuestión que no puede ser resuelta inmediatamente, para no posponer la vista, la Corte entiende que lo mejor que puede hacer, y lo menos perjudicial para ambas partes, es admitir ahora la evidencia, y la admite, a reserva de que, si después

declarase existir *res adjudicata*, resolverá entonces lo que corresponda.'

"Demandada: 'Y si es en mi contra, una excepción, y si es en contra de mi distinguido compañero, otra excepción.'

"Juez: 'Desde este momento ya queda reservada la excepción.'

"Entonces la demandada ofreció en evidencia los autos del caso número 19,002, seguido ante la Corte de Distrito de Humacao por Virginia y Luis Gilberto Peña Castro contra María Mendoza, sobre inexistencia y nulidad de hipoteca. La demanda en ese caso fué anotada en el registro de la propiedad y en ella se solicita la nulidad e inexistencia de la hipoteca que dió origen al procedimiento ejecutivo que culminó en la venta en pública subasta a favor de doña María Mendoza de los condominios que les correspondían sobre los inmuebles a Virginia y Luis Gilberto Peña Castro.

"Los demandantes hicieron objeción a esa prueba fundándose en que la misma era inmaterial e impertinente porque lo único que tiende a establecer es que hay una acción pendiente, incoada por los hijos de la demandada contra María Mendoza para que se declare nula e ineficaz su hipoteca pero hasta que tal pleito no sea resuelto en contra de María Mendoza su título es bueno, y que el hecho de la existencia de tal pleito no establece como defensa, un conflicto de título.

"La corte dictó la siguiente resolución en relación con esta cuestión:

"'En vista de esa situación, lo más aconsejable es admitir la evidencia, a reserva de estudiar y resolver luego la cuestión que plantean las partes, en el entendido de que a la perjudicada por la resolución, se anotará automáticamente una excepción contra la misma.'

"Como última prueba la demandada presentó el testimonio de Dolores Castro. Esta testigo declaró bajo juramento como sigue:

"Que se llama Dolores Castro y es la demandada en este caso; que tiene dos hijos llamados Virginia y Luis Gilberto Peña Castro y que por autoridad de éstos ocupa la casa objeto del desahucio.

"La Corte preguntó a esta testigo que si sus hijos vivían también en la casa y contestó que uno viene, que es el que está aquí en Puerto Rico, viene cada rato y se va porque está trabajando por Trujillo; que dicho hijo es menor de edad.

"Los demandantes repreguntaron a esta testigo si ella pagaba algo por ocupar la casa pero no contestó la pregunta porque su abogado dijo que aceptaba que no pagaba nada."

La sentencia apelada declarando la demanda sin lugar se basó en una opinión en la que el juez de distrito hizo cons-

tar que a su juicio la demanda era suficiente, que existía otra acción pendiente entablada por Pérez Pimentel que le impedía ejercitar la actual, y que aunque el pleito sobre inexistencia de hipoteca entablado por los hijos de la demandada contra la demandante María Mendoza no impidiera a ésta continuar el juicio de desahucio, era lo cierto que como pedía el desalojo de las fincas en su totalidad y el otro demandante estaba impedido de actuar por razón del pleito que tenía pendiente, tampoco estaba ella en condiciones de hacerlo por oponerse las reglas que rigen la comunidad de bienes.

No conformes los demandantes, apelaron. Señalan en su alegato la comisión de tres errores.

█ Por el primero sostienen que la corte erró al admitir los autos del otro pleito iniciado por Pérez Pimentel contra la demandada y al resolver que dicho otro pleito constituye un impedimento para el sostenimiento de éste.

Estamos enteramente conformes con los apelantes en que versando dicho otro pleito sobre *injunction* para recobrar la posesión se trata de una acción de naturaleza distinta que no constituye un impedimento para la iniciación del pleito de desahucio.

Dispone el artículo 105, inciso 3 del Código de Enjuiciamiento Civil (ed. de 1933):

"El demandado podrá presentar excepción previa a la demanda dentro del plazo señalado en la citación para contestar, cuando resultare del contenido de aquélla, alguno de los extremos siguientes:

" . . . . . . .

"3.—Que existe otra acción pendiente entre las mismas partes por la misma causa."

Esta propia Corte Suprema en el caso de *Encarnación* v. *Maeso*, 48 D.P.R. 480, 484, se expresó así:

"La jurisprudencia que establece el principio de que una sola causa de acción no puede fraccionarse en varias que den origen a diferentes pleitos, es unánime, pero para determinar la pauta a seguir para decidir en casos que estén en la línea cuando se trata de una sola o de varias causas de acción, no hay una regla uniforme.

"En el caso de *Harrison* v. *Remington Paper Co.*, 140 Fed. 385, se dijo: 'La prueba de identidad de causas de acción es la de la identidad de los hechos esenciales para su sostenimiento,' y en el de *Beach* v. *Crain*, 49 Am. Dec. 369, 372, 'Para que constituya un impedimento efectivo la causa de acción en el pleito anterior debe ser idéntica a la del litigio. Si la misma prueba sostiene ambos casos entonces será considerada como la misma causa de acción, a pesar de que se base en diferentes recursos. *Rice* v. *King*, 7 Johns. 20 (N. Y.). Pero la prueba en ambos recursos puede ser en parte la misma; sin embargo, la materia objeto del litigio puede ser esencialmente distinta y en tal caso no existe impedimento alguno.' "

Y dice Corpus Juris, vol. 1, pág. 66, sec. 83:

"Cuatro criterios jurídicos dominantes han merecido la aprobación judicial al determinarse si las causas de acción son o no idénticas en lo que se refiere a la desestimación de una acción debido a la existencia de un pleito anterior pendiente: (1) 'Es claro que, para que se pueda resolver que un pleito posterior es innecesario, es un requisito esencial el que la sentencia en el pleito anterior pudiese ser concluyente entre las partes, y que tuviese el efecto de ser un impedimento a la segunda acción.' En otras palabras, si una sentencia definitiva en el pleito anterior pudiese justificar una alegación de *res judicata* en la acción posterior, entonces los pleitos serían idénticos, para los fines aquí discutidos, y, de lo contrario, no lo serían. (2) En muchos casos se ha aplicado el siguiente criterio: ¿Podría obtenerse un remedio completo y adecuado en la acción anterior? En caso afirmativo, la segunda acción sería entonces incoada indebidamente y podría ser desestimada, y, en caso negativo, la objeción no debe prosperar. Como veremos más adelante, esta última regla ha sido generalmente reconocida. (3) En algunos casos se mantiene el siguiente criterio: ¿Podrían basarse ambas acciones en la misma evidencia? (4) Un cuarto criterio, mantenido por las autoridades inglesas y canadienses, es al siguiente efecto: ¿Podría establecerse la demanda en la segunda acción a través de una enmienda apropiada a la primera demanda?"

Por el *injunction* posesorio se reclama sólo la posesión material. La cuestión sobre el título o derecho a la propiedad no está envuelta. La sentencia resolutoria del mismo no podría invocarse como cosa juzgada en cuanto al derecho a la posesión a virtud de título. En el desahucio se pide el

desalojo no porque se haya estado en la posesión material por el año anterior a la demanda, sino porque se tiene derecho a ella por serse dueño o usufructuario de la misma. Aunque ambas acciones guardan relación, no lo son por la misma causa. El error fué cometido.

■ Por el segundo error se sostiene que la corte se equivocó al admitir en evidencia los autos del pleito sobre inexistencia de hipoteca y al declarar fundada, basándose en dichos autos, la defensa de que existe un conflicto de títulos, y por el tercero y último que la sentencia apelada es contraria a la prueba y a la ley.

En su opinión la corte sentenciadora consignó, además, de lo que dejamos indicado, lo que sigue:

". . . . en la contestación de la demanda de *injunction* posesorio, fallado contra la demandada y ahora pendiente en apelación ante la Corte Suprema, ésta alegó, como en su contestación a la de autos, que un condominio de una mitad indivisa de las referidas fincas pertenecía a sus dos hijos legítimos, en representación de los cuales ocupaba las mismas. Mientras esa alegación de título no se sustancie definitiva y finalmente, no puede determinarse, y menos en este procedimiento sumario, su certeza y validez legal. Siendo ello así, mientras en su referida alegación no sea definitivamente vencida la demandada, es necesario admitir que en este procedimiento la demandante María Mendoza, no puede cuestionar el hecho, y que, mientras ello no ocurra, la demandada se encuentra amparada en su posesión por el título que invoca a favor de sus hijos, como comuneros a los cuales representa en el uso de las propiedades en litigio."

Y son esas conclusiones de la corte las que motivan la segunda parte del segundo señalamiento de error.

A nuestro juicio pudieron admitirse en evidencia los autos del pleito sobre inexistencia de la hipoteca de que se trata, pero la corte erró al dar a meras alegaciones el alcance que les dió según se desprende de la parte de su opinión que dejamos transcrita.

El propio juez sentenciador se acababa de expresar poco antes en su misma opinión como sigue:

"Impugnación judicial del título de la codemandante María Mendoza. Existe dicha impugnación; pero su existencia no sería óbice para que la demandante estuviese impedida de actuar como lo ha hecho en esta acción. (*León* v. *Alvarado,* 24 D.P.R. 700, y casos posteriores sosteniendo el principio.)"

De acuerdo con la repetida jurisprudencia de esta Corte Suprema para concluir que existe un conflicto de títulos en un pleito de desahucio no basta la mera alegación de título por parte del demandado, si que es necesario que presente por lo menos un principio de prueba.

En este caso concreto hemos transcrito la exposición contentiva de la evidencia aportada por ambas partes y de ella no consta que la parte demandada presentara prueba alguna de su derecho a la posesión. Era necesario aportar algo más que sus meras alegaciones en los casos de inexistencia e *injunction* posesorio. El título de la codemandada Mendoza procede del que tenían los hijos de la demandada. La escritura de venta judicial se admitió sin oposición. Y bajo esas condiciones no es posible concluir que dentro del pleito se levantara un conflicto de títulos que no le fuera dable a la corte resolver dentro de los trámites del juicio sumario de desahucio.

*En tal virtud, no cabe llegar a otra conclusión que no sea la de declarar con lugar el recurso y en su consecuencia decretar el desahucio solicitado.*

El Juez Asociado Señor Córdova Dávila no intervino.